WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alonzo Valenzuela, et al., | No. CV-15-01092-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Union Pacific Railroad Company, et al., | |
| Defendants. | |

The Court held a status conference on May 25, 2016. Before the conference, the Court reviewed the parties' status report (Doc. 132) and the briefing on Plaintiffs' motions to dismiss counts 1 and 2 of Union Pacific's counterclaim and for a more definite statement on Union Pacific's unjust enrichment counterclaim (Doc. 117). This order will set a briefing schedule and identify additional issues to be addressed by the parties on the collateral estoppel argument raised by Plaintiffs, decline to address the merits arguments made by Plaintiffs on counts 1 and 2, deny the motion for a more definite statement, and resolve three discovery disputes raised during the conference.

**I.  Collateral Estoppel.**

Plaintiffs and Kinder Morgan argue that Union Pacific is bound in this litigation, under principles of collateral estoppel, by the decision of the California Court of Appeals in *Union Pacific Railroad Co. v. Santa Fe Pacific Pipelines, Inc.*, 231 Cal App. 4th 134 (2014), on the question of rights acquired by Union Pacific or its predecessors under the pre-1871 Acts and the General Railroad Right-of-Way Act of 1875. The parties have

submitted extensive briefing and factual material. The Court will hold oral argument on this issue on July 5, 2016, at 3:00 p.m. The parties each shall file one additional memorandum, not to exceed 12 pages, addressing issues A-D identified below. Plaintiffs and Kinder Morgan shall file their memoranda by June 15, 2016. Union Pacific shall file its memorandum by June 24, 2016. No additional briefing is warranted.

A. Did Kinder Morgan ask the California trial court to hold that Union Pacific lacked title under the pre-1871 Acts or the 1875 Act to grant the easements at issue in the litigation? If yes, Plaintiffs or Kinder Morgan should provide the Court with the specific trial court pleadings in which that request was made.[1]

B. Did the trial court decide whether Union Pacific had title under the pre-1871 Acts or the 1875 Act to grant the easements at issue in that litigation? If yes, Plaintiffs or Kinder Morgan should provide the court with the transcript, minute entry, or order in which the trial court decided that issue. If no, why did the trial court not decide that issue if it was raised by Kinder Morgan?

C. Was this assertion – that Union Pacific did not have title under the pre-1871 Acts or the 1875 Act to grant the easements – raised by Kinder Morgan on appeal to the

---

[1] Kinder Morgan has cited papers in which it argued to the California Court of Appeals and California Supreme Court that Union Pacific lacked title to grant pipeline easements. *See, e.g.,* Doc. 128, Exs. 12, 14. But the Court is interested in positions taken by Kinder Morgan and the other pipeline entities in the trial court. Kinder Morgan has cited trial court papers where it argued that, "under certain types of congressional grants, Union Pacific's limited easement interest may be insufficient to grant an easement for pipeline purposes." Doc. 128, Ex. 3 at 7. The thrust of this argument, however, was that rent for the pipelines should be reduced because of title issues: "Evidence of Union Pacific's title interest is relevant to the market value of rent that should be allowed." *Id*. Kinder Morgan has also cited a motion for judgment it filed in the trial court arguing that Union Pacific "has failed to prove that it owns or possesses the land that serves as the servient tenement for the Pipeline's many easements." Doc. 128, Ex. 4 at 1. But this motion was based on the assertion that "the Railroad has long since disposed of the land through which the easements run and thus did not own the servient estates as of the valuation date." *Id*. Finally, the Court understands that the California Court of Appeals found that the title issue was litigated in the trial court; the parties need not cite again the portions of the opinion stating this conclusion. The Court will consider all of these documents and statements in making its collateral estoppel decision, and will consider Plaintiffs' and Kinder Morgan's arguments as to their significance, as already addressed in the briefs. The focus of the questions asked in this order, however, is different: Did Kinder Morgan ever ask the trial court to hold that Union Pacific lacked title under the pre-1871 Acts or the 1875 Act to grant the easements at issue in that litigation, and did the trial court ever rule on that issue? That should be the focus of the additional briefing.

- 2 -

California Court of Appeals, either in its notice of appeal or its pre-hearing briefs?[2]  If yes, Plaintiffs or Kinder Morgan should provide the Court with the notice of appeal or pre-oral-argument appellate briefs in which it was raised.  If no, why was it not raised by Kinder Morgan on appeal if, in fact, it was raised and decided in the trial court?

D. According to Kinder Morgan's brief, an issue is sufficiently litigated for collateral estoppel purposes "when it is *properly raised*, by the pleadings or otherwise, and is submitted for determination, and is *determined*."  Doc. 128 at 6 (emphasis in original; citation omitted).  If Kinder Morgan did not ask the trial court to hold that Union Pacific lacked title under the pre-1871 Acts or the 1875 Act to grant the easements, how is this requirement satisfied?

**II.  Merits of Counterclaims 1 and 2.**

If the Court finds that collateral estoppel does not apply, the Court concludes that it should not attempt to decide the merits of counterclaims 1 and 2 now.  As the amended complaint makes clear, Union Pacific's rights under the pre-1871 Acts or the 1875 Act lie at the heart of this case.  Doc. 75.  This issue would be better decided on a more complete factual record, when the Court knows whether these pre-1871 Acts and the 1875 Act are even at issue with respect to the easements in this case, and when the Court has a better understanding of the history and use of the easements.  Deciding the issue now, on the basis of no factual record and truncated briefing on a motion to dismiss, will not produce a fully-informed decision.  Thus, to the extent that Plaintiffs' motion to dismiss asks the Court to rule, independent of collateral estoppel, that Union Pacific lacked title under the pre-1871 Acts or the 1875 Act to grant the easements, it is denied without prejudice.

Kinder Morgan argues that the counterclaims should be dismissed under the *Rooker-Feldman* doctrine.  Doc. 128 at 15-16.  But Kinder Morgan is not the defendant

---

[2] Kinder Morgan has cited a statement from the Court of Appeals decision that Kinder Morgan appealed "all orders and rulings subsumed" in the trial court judgment.  Doc. 128 at 3.  The Court is looking for a more specific request by Kinder Morgan that the Court of Appeals address whether Union Pacific held title under the pre-1871 Acts or the 1875 Act to grant the pipeline easements.  The Court also knows that this issue was addressed in supplemental briefing requested by the Court of Appeals.  That is not the briefing the Court is asking about in this order.

in the counterclaims and has not filed a motion to dismiss. Plaintiffs do not raise *Rooker-Feldman* in their motion. The Court will not address the doctrine.

### III. Motion for More Definite Statement.

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) motions are "'ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if the requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim, such motion is inappropriate.'" *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003) (quoting *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414-15 (D. Or. 2002)). "Where the detail sought is available through discovery, the motion should be denied." *Wessels v. Moore Excavation, Inc.*, No. 03:14-CV-01329-HZ, 2014 WL 6750350, at *3 (D. Or. Dec. 1, 2014).

Union Pacific's unjust enrichment counterclaim alleges that the company made "substantial improvements to the property" claimed by Plaintiffs, and that Plaintiffs would be unjustly enriched if they were granted the right to use the property without compensating Union Pacific for the improvements. Countercomplaint, ¶ 48. Plaintiffs argue that these allegations "are so vague and ambiguous that Plaintiffs cannot reasonably prepare a response." Doc. 117 at 16. The Court does not agree. This is not a case where the pleading suffers from unintelligibility; Plaintiffs clearly understand that Union Pacific asserts a counterclaim for unjust enrichment, and do not dispute that it has pleaded the elements of this claim. Plaintiffs' objection is that Union Pacific has provided too little detail. Plaintiffs can obtain the detail through discovery.

### IV. Discovery Disputes.

A. Plaintiffs have asked Kinder Morgan to produce all documents it produced in discovery in the California rent litigation. Kinder Morgan has agreed to produce all deposition transcripts, deposition exhibits, and trial exhibits from the California litigation. Kinder Morgan asserts that it does not have electronic copies of the documents produced

1  in the California litigation, that scanning the documents would cost $38,000, and that its
2  attorneys, who were not counsel for Kinder Morgan in the California litigation, would be
3  required to spend considerable time reviewing and organizing the documents.  Although
4  the issues in the California litigation are very similar to this case, they are not identical.
5  The California litigation primarily concerned the amount of rent owed by the pipelines to
6  Union Pacific, and the history of the parties' rent relationship.  The Court concludes that
7  Plaintiffs' request likely encompasses many documents that are not relevant to this case.
8  Plaintiffs should craft more precise requests.

9  B. Defendants seek to obtain the fee agreements between Plaintiffs' counsel
10 and their clients, and solicitation letters sent to current and former Plaintiffs.  Defense
11 counsel argue that these documents may be relevant to the adequacy of Plaintiffs' counsel
12 for Rule 23 purposes.  When asked how, defense counsel stated that the solicitation
13 letters "may be improper," and that they won't know how these documents bear on
14 adequacy until they see them.  This is not a sufficient showing of relevancy.  Defense
15 counsel also argued that the documents may be relevant to the superiority requirement of
16 Rule 23, but the Court cannot see that relevancy despite a fairly detailed discussion with
17 defense counsel.  Finally, defense counsel argued that the documents may be relevant to
18 attorneys' fees at the end of the case.  If so, they can be requested then.  The Court will
19 not require Plaintiffs to produce their fee agreements and solicitation letters.

20 C. Defendants seek to depose five of the former named plaintiffs in this case,
21 all of whom are presumably now members of the plaintiff class.  When asked why,
22 defense counsel explained that two have easement agreements with Union Pacific and
23 another has prior knowledge of the pipeline on his or her property.

24 The showing required to obtain discovery from absent class members is high.  *See*,
25 *e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 n.2 (1985) (noting that the
26 burdens of discovery "are rarely imposed upon plaintiff class members"); *In re Currency*
27 *Conversion Fee Antitrust Litig.*, No. 1409, M-21-95, 2004 WL 2453927 (S.D.N.Y.
28 Nov. 3, 2004) (denying request to depose withdrawing class representatives); *Redmond v.*

*Moody's Investor Serv.*, No. 92 Civ. 9161(WK), 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995) (the burden on defendant to justify discovery of absent class members by deposition is particularly heavy).

Some courts allow discovery of class members when: (1) it is not designed to take undue advantage of the class members or reduce the class size; (2) the discovery is necessary; (3) responding to the discovery requests would not require the assistance of counsel or other technical advice; and (4) the discovery seeks information that is not already known by the proponent. *Clark v. Universal Builders*, 501 F.2d 324 (7th Cir. 1974). Other courts allow such discovery "where a strong showing is made that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class." *McCarthy v. Paine Webber Group, Inc.*, 164 F.R.D. 309, 313 (D. Conn. 1995) (citation omitted).

The Court has no reason to think that Defendants seek to depose the former-plaintiff class members for an improper purpose, nor that deposing them could require the class members to retain new counsel – Plaintiffs' counsel assert that they continue to represent these individuals. But Defendants have not shown that the information they seek from these individuals is not already known to Defendants, or, if unknown, that it is not available from the class representatives. The Court therefore will not order that the depositions be taken. Defendants can raise this issue later in the discovery period if they conclude that the high threshold for discovery from absent class members can be cleared.

**IT IS ORDERED:**

1. Plaintiffs' motion for a more definite statement (Doc. 117) is **denied.**
2. Plaintiffs' motion to dismiss Union Pacific's first and second counterclaims based on the legal merits of those claim, independent of collateral estoppel (Doc. 117), is **denied without prejudice**.
3. The requests for discovery at issue in the discovery disputes discussed on

May 25, 2016, are **denied**.

4. The Court will hold another status conference with the parties on **August 5, 2016, at 3:30 p.m.**

5. The Court will hold argument on the collateral estoppel issue as set forth above.

6. Kinder Motion's motion for leave to file a brief on motion to dismiss issues (Doc. 127) – the brief already reviewed by the Court – is **granted**.

Dated this 27th day of May, 2016.

_____
David G. Campbell
United States District Judge

- 7 -