1 | Joseph Rebein, (Admitted *Pro Hac Vice*)
Andrew Carpenter (Admitted *Pro Hac Vice*)
2 | SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
3 | Kansas City, Missouri 64108
Telephone: 816-474-6550
4 | Facsimile: 816-421-5547
jrebein@shb.com
5 | acarpenter@shb.com

6 |

7 | Tammy B. Webb, (Admitted *Pro Hac Vice*)
John K. Sherk, III, (Admitted *Pro Hac Vice*)
SHOOK, HARDY & BACON L.L.P.
8 | One Montgomery, Suite 2700
San Francisco, California 94104
9 | Telephone:   415-544-1900
Facsimile:   415-391-0281
10 | jsherk@shb.com
tbwebb@shb.com
11 |
*Attorneys for Defendant*
12 | Union Pacific Railroad Company

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES PAUL MOONEY; LAZY COYOTE RV VILLAGE, LLC, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNION PACIFIC RAILROAD COMPANY, successor to Southern Pacific Transportation Company; SFPP, L.P. (formerly known as Santa Fe Pipelines, Inc., formerly known as Southern Pacific Pipelines, Inc.); KINDER MORGAN OPERATING L.P. "D," and KINDER MORGAN G.P., INC., <br><br> Defendants. | Lead Case No.  2:15-cv-01092-DGC (consolidated with Case No. 2:15-cv-01380-DGC) <br><br> **DEFENDANT UNION PACIFIC RAILROAD COMPANY'S MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL** |

Union Pacific Railroad Company ("Union Pacific") respectfully requests that the Court stay these proceedings pending a determination of Union Pacific's Section 1292(b) appeal by the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit granted appeal on "two pure questions of law" certified by the California Central District Court that raise "novel questions of first impression" on issues of national importance. *In re SFPP Right-of-Way Claims*, Case No. 8:15-cv-718-JVS-DFM, ECF 198 at 3, 6 (C.D. Cal.). Those issues also are controlling in this action. A stay of proceedings therefore is appropriate, because it would promote judicial economy and avoid the potentially needless expenditure of time and resources by the Parties and the Court.

## ARGUMENT

This Court has discretion to stay these proceedings pending resolution of Union Pacific's Section 1292(b) appeal under its inherent authority to manage its docket. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket. . . ." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir.1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). In the context of a Section 1292(b) appeal, "the Court has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *Asis Internet Services v. Active Response Grp.*, 2008 WL 4279695, at *3-4 (N.D. Cal. Sept. 16, 2008) (granting Section 1292(b) certification and simultaneously granting stay of proceedings, noting that Court of Appeal's decision could end the litigation) (citations omitted).

Courts will frequently grant a stay when the Section 1292(b) appeal involves a potentially dispositive issue or issues—as here—because the stay avoids the risk that the Parties and the Court will expend unnecessary time and expense in the case. In *Asis Internet Services*, the district court found that a stay was the most efficient course pending resolution of an interlocutory appeal, noting that the "[d]efendants ha[d] convincingly argued that

discovery in this matter is likely to be time-consuming and expensive." 2008 WL 4279695, at *3-4. This Court similarly has concluded that, when granting a Section 1292(b) request, a stay was warranted pending a determination by the Court of Appeal of an issue that would materially advance the ultimate termination of the litigation. *See Smilovits v. First Solar Inc.*, 119 F.Supp.3d 978, 992 (D. Ariz. 2015) (certifying issue for appeal and staying action "until Ninth Circuit decides whether to take the appeal and, if it does, the stay will remain in effect until the appeal is decided."); *see also Ritz Camera & Image, LLC v. Sandisk Corp.*, No. 5:10-cv-02787-JF/HRL, 2011 WL 3957257, at *3 (N.D. Cal. Sept. 07, 2011) (noting high cost of discovery warranted a stay during Section 1292(b) appeal).

As recognized in the California district court's Order certifying Union Pacific's appeal, resolution of the two questions of law now before the Ninth Circuit would materially affect and advance termination of this litigation. *In re SFPP Right-of-Way Claims*, ECF 198 at 3, 6. If Union Pacific prevails on the first issue certified—whether Union Pacific may authorize non-extractive uses of the subsurface of its rights of way granted under the pre-1871 Congressional Acts without showing that such a use furthers a railroad purpose—"that would almost certainly defeat most of the Plaintiffs' case because their case is based on the theory expressed in [*SFPP*]." (*Id.* at 3). Similarly, if Union Pacific prevails on the second issue—whether, as a matter of law, a petroleum pipeline may serve a railroad purpose—"it would certainly have the impact of materially affecting the outcome of the litigation . . . [because] Union Pacific would then be permitted to attempt to develop the record regarding the alleged 'railroad purpose' of leasing the subsurface to a third party. . . ." (*Id.*).

The costs associated with continued litigation during the pendency of Union Pacific's appeal are enormous. Absent a stay, the Parties will expend substantial time, money and resources on class action expert discovery; *Daubert*-related motions; class certification motions; merits and fact discovery, including extensive title searches and analysis; and numerous summary judgment motions. In these proceedings, the following deadlines are imminent:

- Expert discovery regarding class certification to be completed on or before November 21, 2016;
- Class certification briefing to commence November 28, 2016;
- Class certification hearing on February 10, 2017.

The Court also would be required to expend significant time and resources resolving discovery disputes, class certification, and summary judgment motions related to Article III standing, adverse possession, statute of limitations, and other complex legal issues. Each of these areas would need to be reexamined and redone if the Ninth Circuit rules in Union Pacific's favor on any of the issues on appeal. Imposition of these large and potentially needless costs weigh heavily in favor of a stay. *See Ritz Camera*, 2011 WL 3957257, at *3.

## CONCLUSION

For these reasons, Union Pacific respectfully requests that the Court stay these proceedings pending a determination of Union Pacific's Section 1292(b) appeal by the United States Court of Appeals for the Ninth Circuit.

Dated:  November 7, 2016

Respectfully submitted,

 s/ *Tammy B. Webb*
Joseph Rebein, (Admitted *Pro Hac Vice*)
Andrew Carpenter (Admitted *Pro Hac Vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
jrebein@shb.com
acarpenter@shb.com

Tammy B. Webb, (Admitted *Pro Hac Vice*)
John K. Sherk, III, (Admitted *Pro Hac Vice*)
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104
Telephone:   415-544-1900
Facsimile:   415-391-0281
jsherk@shb.com
tbwebb@shb.com

Attorneys for Defendant
Union Pacific Railroad Company

999846

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2016, the following document was electronically filed with the Clerk of the Court and served using the CM/ECF system, which will send notification of such filing to the attorney(s) of record at their listed email address(es).

- DEFENDANT UNION PACIFIC RAILROAD COMPANY'S MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL

*/s/ Tammy B. Webb*
TAMMY B. WEBB