1  Joseph Rebein, (Admitted *Pro Hac Vice*)
   Andrew Carpenter (Admitted *Pro Hac Vice*)
2  Brent Dwerlkotte (Admitted *Pro Hac Vice*)
   SHOOK, HARDY & BACON L.L.P.
3  2555 Grand Boulevard
   Kansas City, Missouri 64108
4  Telephone: 816-474-6550
   Facsimile: 816-421-5547
5  jrebein@shb.com
   acarpenter@shb.com
6  dbdwerlkotte@shb.com

7  Tammy B. Webb, (Admitted *Pro Hac Vice*)
   John K. Sherk III, (Admitted *Pro Hac Vice*)
8  SHOOK, HARDY & BACON L.L.P.
   One Montgomery, Suite 2700
9  San Francisco, California 94104
   Telephone:   415-544-1900
10 Facsimile:   415-391-0281
   tbwebb@shb.com
11 jsherk@shb.com

12 *Attorneys for Defendant*
   Union Pacific Railroad Company

13
                    UNITED STATES DISTRICT COURT
14
                     FOR THE DISTRICT OF ARIZONA
15 Gordon H. Earhart; Trustee of The Earhart         Lead Case No.  2:15-cv-01092-DGC
   Family Revocable Trust; Rudy T. Escalante         (consolidated with Case No. 2:17-cv-3099-
16 and Laurie B. Escalante; Patricia Miller and      SPL)
   Jeffrey Miller; Linda Martinez; Scott Hurst;
17 Mark Blosser; Janie Hernandez; Petra R.
   Lopez; and Raymond Vice and Barbara               **DEFENDANT UNION PACIFIC
18 Vice,                                             RAILROAD COMPANY'S ANSWER
                                                     AND COUNTERCLAIMS TO
19                                                   PLAINTIFFS' AMENDED
                        Plaintiffs,                  COMPLAINT**
20
           v.                                        **\*DEMAND FOR JURY TRIAL\***
21
   UNION PACIFIC RAILROAD
22 COMPANY, successor to Southern Pacific
   Transportation Company; SFPP, L.P.
23 (formerly known as Santa Fe Pipelines, Inc.,
   formerly known as Southern Pacific
24 Pipelines, Inc.); KINDER MORGAN
   OPERATING L.P. "D," and KINDER
25 MORGAN G.P., INC.,

26                      Defendants.

27

28

Defendant Union Pacific Railroad Company ("Union Pacific") hereby answers Plaintiffs' Complaint (the "Complaint") as follows:

By way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific fact and not as to any conclusions, characterizations, implications, or speculation contained in the averment or in the Complaint as a whole.

## **PARTIES**

1.     Union Pacific denies that Plaintiff Gordon H. Earhart, trustee of the Earhart Family Revocable Trust, owns any interest, fee or otherwise, in land within Union Pacific's right-of-way. Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 and, therefore, denies the same.

2.     Union Pacific denies that Plaintiffs Rudy T. Escalante and Laurie B. Escalante own any interest, fee or otherwise, in land within Union Pacific's right-of-way. Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and, therefore, denies the same.

3.     Union Pacific denies that Plaintiffs Patricia Miller and Jeffrey Miller own any interest, fee or otherwise, in land within Union Pacific's right-of-way. Union Pacific lacks knowledge or information sufficient to form a belief as to the trust of the remaining allegations of Paragraph 3 and, therefore, denies the same.

4.     Union Pacific denies that Plaintiff Linda Martinez owns any interest, fee or otherwise, in land within Union Pacific's right-of-way. Union Pacific lacks knowledge or information sufficient to form a belief as to the trust of the remaining allegations of Paragraph 4 and, therefore, denies the same.

5.     Union Pacific denies that Plaintiff Scott Hurst owns any interest, fee or otherwise, in land within Union Pacific's right-of-way. Union Pacific lacks knowledge or information sufficient to form a belief as to the trust of the remaining allegations of Paragraph 5 and, therefore, denies the same.

6.      Union Pacific denies that Plaintiff Mark Blosser owns any interest, fee or otherwise, in land within Union Pacific's right-of-way. Union Pacific lacks knowledge or information sufficient to form a belief as to the trust of the remaining allegations of Paragraph 6 and, therefore, denies the same.

7.      Union Pacific denies that Plaintiff Janie Hernandez owns any interest, fee or otherwise, in land within Union Pacific's right-of-way. Union Pacific lacks knowledge or information sufficient to form a belief as to the trust of the remaining allegations of Paragraph 7 and, therefore, denies the same.

8.      Union Pacific denies that Plaintiff Petra R. Lopez owns any interest, fee or otherwise, in land within Union Pacific's right-of-way. Union Pacific lacks knowledge or information sufficient to form a belief as to the trust of the remaining allegations of Paragraph 8 and, therefore, denies the same.

9.      Union Pacific denies that Plaintiffs Raymond Vice and Barbara Vice own any interest, fee or otherwise, in land within Union Pacific's right-of-way. Union Pacific lacks knowledge or information sufficient to form a belief as to the trust of the remaining allegations of Paragraph 9 and, therefore, denies the same.

10.     Union Pacific admits the allegations in Paragraph 10 of the Amended Complaint.

11.     The allegations of Paragraph 11 are not directed to Union Pacific and, therefore, no response is required. To the extent a response is required, Union Pacific is informed and believes, and admits on that basis, that Defendant SFPP, L.P. is a Delaware limited partnership, with its principal place of business in Orange County, California. Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and, therefore, denies the same.

12.     The allegations of Paragraph 12 are not directed to Union Pacific and, therefore, no response is required. To the extent a response is required, Union Pacific is informed and believes, and admits on that basis, that Defendant Kinder Morgan Operating, L.P. "D" is a Delaware limited partnership, with its principal place of business in Houston,

Texas. Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and, therefore, denies the same.

13.     The allegations of Paragraph 13 are not directed to Union Pacific and, therefore, no response is required. To the extent a response is required, Union Pacific is informed and believes, and admits on that basis, that Defendant Kinder Morgan G.P., Inc. is a Delaware corporation, with its principal place of business in Houston, Texas. Union Pacific further states that it is informed and believes, and admits on that basis, that Kinder Morgan G.P., is a subsidiary of Kinder Morgan, Inc. Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and, therefore, denies the same.

14.     Union Pacific admits the Complaint refers to SFPP L.P., Kinder Morgan Operating L.P. "D" and Kinder Morgan G.P., Inc. collectively as the "Pipeline." Union Pacific denies any conclusions, characterizations, implications, or speculation related to those references in the Complaint, and denies any remaining allegations of Paragraph 14.

## JURISDICTION AND VENUE

15.     Paragraph 15 states legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific admits this Court has subject matter jurisdiction under 28 U.S.C. § 1331. Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and, therefore, denies the same.

16.     Paragraph 16 states legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific admits this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). Union Pacific denies the remaining allegations of Paragraph 16.

17.     Paragraph 17 states legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific admits that it does business in the State of Arizona. Union Pacific denies the remaining allegations of Paragraph 17 as it relates to Union Pacific. The allegations of Paragraph 17 that are not directed to Union

Pacific do not require a response. To the extent a response is required, Union Pacific admits that Defendants SFPP, L.P., Kinder Morgan Operating L.P. "D," and Kinder Morgan G.P. maintain a pipeline in Arizona. Union Pacific lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 17, and therefore, denies the same.

18.    Paragraph 18 states legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific admits venue is proper this District. Union Pacific lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 18 and, therefore, denies the same.

## FACTUAL ALLEGATIONS

### A.    Historical Context of the Railroad's Right-of-Way

19.    Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, denies the allegations.

20.    Paragraph 20 states legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific denies the allegations of Paragraph 20.

21.    Union Pacific admits that the United States government granted various railroads land in connection with building transcontinental railroads. Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 and, therefore, denies the same.

22.    Union Pacific admits that the President Abraham Lincoln signed the Pacific Railroad Act on July 1, 1862, and that he and his successors signed subsequent acts. The Pacific Railroad Act of July 1, 1862, and subsequent acts, speak for themselves. Union Pacific denies the remaining allegations, conclusions, characterizations, implications, or speculation of Paragraph 22.

23.    Union Pacific admits that Congress passed the General Right-of-Way Act of 1875. The General Right-of-Way Act of 1875 speaks for itself and Union Pacific denies the remaining allegations, conclusions, characterizations, implications, or speculation of Paragraph 23.

24.     Paragraph 24 states legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific denies the allegations of Paragraph 24.

25.     Paragraph 25 states legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific denies the allegations of Paragraph 25.

26.     Paragraph 26 states legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and, therefore, denies the allegations.

**B.      The Railroad Leased, But Did Not Own, the Subsurface of Its Right-of-Way.**

27.     Union Pacific denies the allegations of Paragraph 27.

28.     Union Pacific admits the Pipeline operates a pipeline in the Western and Southwestern United States, including in Arizona, in part on Union Pacific's railroad rights-of-way and that the Pipeline transports diesel fuel and other petroleum products. Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 and, therefore, denies the same.

29.     Union Pacific admits that portions of the pipeline are located on Union Pacific's railroad rights-of-way. Union Pacific denies the remaining allegations of Paragraph 29.

30.     Union Pacific admits that Southern Pacific Transportation Company and Southern Pacific Pipelines, Inc. were subsidiaries of Southern Pacific Corporation in the mid-1950s. Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30, and, therefore, denies the same.

31.     Union Pacific admits that Southern Pacific Transportation Company entered into master agreements in 1955 and 1956 for the use of its railroad right-of-way. The master agreements speak for themselves and Union Pacific denies the remaining allegations,

conclusions, characterizations, implications, or speculation of Paragraph 31 related to the master agreements. Union Pacific denies the remaining allegations of Paragraph 31.

32.    Union Pacific admits pipelines were built within its railroad right-of-way. The remaining allegations of Paragraph 32 state legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific denies the remaining allegations of Paragraph 32.

33.    Paragraph 33 states legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific admits that Plaintiffs purport to characterize an unidentified United States Supreme Court decision. Union Pacific denies the remaining allegations of Paragraph 33.

34.    Union Pacific denies the allegations of Paragraph 34.

35.    Paragraph 35 purports to represent the contents of an unidentified 1956 letter. Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and, therefore, denies the same.

36.    Union Pacific denies the allegations of Paragraph 36.

37.    Union Pacific admits that in 1991 a Complaint was filed, captioned *Southern Pacific Transportation Company, et al. v. Santa Fe Pacific Corporation, et al.*, No. 937641 in the Superior Court for the County of San Francisco, California. The Complaint speaks for itself, and Union Pacific denies the remaining allegations, conclusions, characterizations, implications, or speculation of Paragraph 37 related to the Complaint. Union Pacific denies the remaining allegations of Paragraph 37.

38.    Union Pacific admits that in April 1994, a settlement agreement was entered into that resolved various disputes, including the disputes arising in the 1991 lawsuit. The 1994 settlement agreement speak for itself, and Union Pacific denies the remaining allegations, conclusions, characterizations, implications, or speculation of Paragraph 38 related to the 1994 settlement agreement. Union Pacific denies the remaining allegations of Paragraph 38.

39.     Union Pacific admits that in July 1994, Southern Pacific Transportation Company and Santa Fe Pacific Pipelines, Inc. and SFPP, L.P. entered into an Amended and Restated Easement Agreement ("AREA"). The AREA speaks for itself, and Union Pacific denies the remaining allegations, conclusions, characterizations, implications, or speculation of Paragraph 39 related to the AREA. Union Pacific denies the remaining allegations of Paragraph 39.

40.     Union Pacific admits that in 1994, a Complaint was filed, captioned *Southern Pacific Transportation Company, et al. v. Santa Fe Pacific Corporation, et. al.*, No. 963433 in the Superior Court for the County of San Francisco, California. The Complaint speaks for itself, and Union Pacific denies the remaining allegations, conclusions, characterizations, implications, or speculation of Paragraph 40 related to the Complaint. Union Pacific denies the remaining allegations of Paragraph 40.

41.     Union Pacific admits that in 2004, a Complaint was filed, captioned *Union Pacific Railroad Company v. Santa Fe Pacific Pipelines, Inc., et al.*, No. BC319170 in the Superior Court for the County of Los Angeles, California. The Complaint speaks for itself, and Union Pacific denies the remaining allegations, conclusions, characterizations, implications, or speculation of Paragraph 41 related to the Complaint. Union Pacific denies the remaining allegations of Paragraph 41.

42.     Union Pacific admits that a judgment was entered in the 2004 lawsuit on May 30, 2012. The trial court's judgment speaks for itself, and Union Pacific denies the remaining allegations, conclusions, characterizations, implications, or speculation of Paragraph 42 related to the judgment. Union Pacific denies the remaining allegations of Paragraph 42.

43.     Union Pacific admits the judgment was appealed. Union Pacific denies the remaining allegations of Paragraph 43.

44.     Union Pacific admits the California Court of Appeal issued a published opinion. The opinion speaks for itself, and Union Pacific denies the remaining allegations, conclusions, characterizations, implications, or speculation of Paragraph 44 related to the

opinion. Union Pacific further denies that the Court of Appeal's decision is conclusive, or has any controlling or binding effect for purposes of this action.

45.   Union Pacific admits the California Court of Appeal issued a published opinion. The opinion speaks for itself, and Union Pacific denies the remaining allegations, conclusions, characterizations, implications, or speculation of Paragraph 45 related to the opinion. Union Pacific further denies that the Court of Appeal's decision is conclusive, or has any controlling or binding effect for purposes of this action.

46.   Union Pacific admits the California Court of Appeal issued a published opinion. The opinion speaks for itself, and Union Pacific denies the remaining allegations, conclusions, characterizations, implications, or speculation of Paragraph 46 related to the opinion. Union Pacific further denies that the Court of Appeal's decision is conclusive, or has any controlling or binding effect for purposes of this action.

47.   Union Pacific admits the California Court of Appeal issued a published opinion. The opinion speaks for itself, and Union Pacific denies the remaining allegations, conclusions, characterizations, implications, or speculation of Paragraph 47 related to the opinion. Union Pacific further denies that the Court of Appeal's decision is conclusive, or has any controlling or binding effect for purposes of this action.

48.   Paragraph 48 states legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific denies the allegations of Paragraph 48.

49.   Paragraph 49 states legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific denies the allegations of Paragraph 49.

**C.    Without Permission, the Defendants Trespassed on and Profited From Plaintiffs' Land.**

50.   Union Pacific denies the allegations of Paragraph 50.

51.   Union Pacific denies the allegations of Paragraph 51.

52.   Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and, therefore, denies the same.

1    53.    Union Pacific denies the allegations of Paragraph 53.

2    54.    The allegations in Paragraph 54 are not directed to Union Pacific and,

3    therefore, no response is required. To the extent a response is required, Union Pacific lacks

4    knowledge or information sufficient to form a belief as to the truth of the remaining

5    allegations of Paragraph 54 and, therefore, denies the same.

6    55.    Union Pacific denies the allegations of Paragraph 55.

7    56.    Union Pacific denies the allegations of Paragraph 56.

8    57.    Union Pacific denies the allegations of Paragraph 57.

9    58.    Union Pacific denies the allegations of Paragraph 58.

10    59.    Union Pacific denies the allegations of Paragraph 59.

11    60.    The allegations in Paragraph 60 are not directed to Union Pacific and,

12    therefore, no response is required. To the extent a response is required, Union Pacific denies

13    it lacked sufficient title to grant easements to pipeline companies over Union Pacific's land

14    grant rights of ways. Union Pacific lacks knowledge or information sufficient to form a

15    belief as to the truth of the remaining allegations of Paragraph 60 and, therefore, denies the

16    same.

17    61.    Union Pacific denies the allegations of Paragraph 61.

18    62.    Union Pacific denies the allegations of Paragraph 62.

19    63.    Union Pacific denies the allegations of Paragraph 63.

20    64.    Union Pacific denies the allegations of Paragraph 64.

21    65.    Union Pacific denies the allegations of Paragraph 65.

22    66.    Paragraph 66 states legal conclusions, not allegations of fact, and no response

23    is required. To the extent a response is required, Union Pacific denies the allegations of

24    Paragraph 66.

25    67.    Union Pacific denies the allegations of Paragraph 67.

26

27

28

# FIRST CAUSE OF ACTION

## (DECLARATORY JUDGMENT)

68.     Union Pacific incorporates by reference its responses to Paragraphs 1-67 as if fully set forth in this Paragraph 68.

69.     Union Pacific denies the allegations of Paragraph 69. Union Pacific specifically denies Plaintiffs have any rights or interest in real property situated in the subsurface of Union Pacific's right-of-way.

70.     Union Pacific admits the allegations of Paragraph 70.

71.     Union Pacific admits that portions of the pipeline are located within its right-of-way. Union Pacific denies Plaintiffs are entitled to grant easements with or without consent, or are entitled to payment, in any way related to the pipeline within the railroad right-of-way. Union Pacific denies the remaining allegations of Paragraph 71.

72.     Union Pacific denies the allegations of Paragraph 72.

73.     Union Pacific denies the allegations of Paragraph 73.

74.     Union Pacific denies the allegations of Paragraph 74.

Union Pacific is not required to respond to Plaintiffs' prayer for relief, but the extent such a response is deemed required, Union Pacific denies Plaintiffs are entitled to the relief requested in the "WHEREFORE" clause following Paragraph 74, or to any relief whatsoever.

## SECOND CAUSE OF ACTION: TRESPASS

75.     Union Pacific incorporates by reference its responses to Paragraphs 1-74 as if fully set forth in this Paragraph 75.

76.     Union Pacific denies the allegations of Paragraph 76.

77.     Union Pacific admits that it obtained land by acts of Congress and private easements, among others. Union Pacific denies that the allegations of Paragraph 77 accurately describe the interests Union Pacific obtained by the Congressional land acts and private easements, and denies the remaining allegations of Paragraph 77.

78.     Union Pacific denies the allegations of Paragraph 78.

1      79.      Union Pacific denies the allegations of Paragraph 79.

2      80.      Union Pacific denies the allegations of Paragraph 80.

3      81.      Union Pacific denies the allegations of Paragraph 81.

4      82.      Union Pacific admits that the pipeline was constructed, operated, and continues

5 to transport petroleum products, in part, on portions of Union Pacific's railroad right-of-way.

6 Union Pacific denies the remaining allegations of Paragraph 82.

7      83.      Union Pacific denies the allegations of Paragraph 83.

8      84.      Union Pacific denies the allegations of Paragraph 84.

9      85.      Union Pacific lacks knowledge or information sufficient to form a belief as to

10 the truth of the allegations of Paragraph 85 and, therefore, denies the same.

11      86.      Union Pacific denies the allegations of Paragraph 86.

12      87.      Union Pacific denies the allegations of Paragraph 87.

13      88.      Union Pacific denies the allegations of Paragraph 88.

14      89.      Union Pacific denies the allegations of Paragraph 89.

15      90.      Union Pacific denies the allegations of Paragraph 90.

16      91.      Union Pacific denies the allegations of Paragraph 91.

17      92.      Union Pacific denies the allegations of Paragraph 92.

18      93.      Union Pacific denies the allegations of Paragraph 93.

19      94.      Union Pacific denies the allegations of Paragraph 94.

20      95.      Union Pacific denies the allegations of Paragraph 95.

21      96.      Union Pacific denies the allegations of Paragraph 96.

22      97.      Union Pacific denies the allegations of Paragraph 97.

23      98.      Union Pacific denies the allegations of Paragraph 98.

24      99.      Union Pacific denies the allegations of Paragraph 99.

25      Union Pacific is not required to respond to Plaintiffs' prayer for relief, but the extent

26 such a response is deemed required, Union Pacific denies Plaintiffs are entitled to the relief

27 requested in the "WHEREFORE" clause following Paragraph 99, or to any relief

28 whatsoever.

UNION PACIFIC'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-cv-01092-DGC

## THIRD CAUSE OF ACTION

### (QUIET TITLE)

100.    Union Pacific incorporates by reference its responses to Paragraphs 1-99 as if fully set forth in this Paragraph 100.

101.    Union Pacific denies the allegations of Paragraph 101.

102.    Union Pacific denies the allegations of Paragraph 102.

103.    Union Pacific denies the allegations of Paragraph 103.

104.    The allegations of Paragraph 104 state legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific denies that Plaintiffs have any interest, in fee or otherwise, or any right to use or enjoy, or any other interest, in the subsurface of the right-of-way, and that such interests are held exclusively by Union Pacific. Union Pacific denies the remaining allegations of Paragraph 104.

105.    Union Pacific admits that it asserts a legal claim and title to occupy, use, and possess all land, including the subsurface of the railroad right-of-way. Union Pacific denies the remaining allegations of Paragraph 105.

106.    The allegations of Paragraph 106 are not directed to Union Pacific and, therefore, no response is required. To the extent a response is required, Paragraph 106 states legal conclusions not allegations of fact, and no response is required. Union Pacific denies the remaining allegations of Paragraph 106.

107.    Union Pacific denies the allegations of Paragraph 107.

108.    Union Pacific denies the allegations of Paragraph 108.

Union Pacific is not required to respond to Plaintiffs' prayer for relief, but the extent such a response is deemed required, Union Pacific denies Plaintiffs are entitled to the relief requested in the "WHEREFORE" clause following Paragraph 108, or to any relief whatsoever.

1

2

## FOURTH CAUSE OF ACTION

## (UNJUST ENRICHMENT)

3      109.    Union Pacific incorporates by reference its responses to Paragraphs 1-108 as if

4  fully set forth in this Paragraph 109.

5      110.    Union Pacific denies the allegations of Paragraph 110.

6      111.    Union Pacific denies the allegations of Paragraph 111.

7      112.    Union Pacific admits that in July of 1994, Southern Pacific Transportation

8  Company, on the one hand, and Santa Fe Pacific Pipelines, Inc. and SFPP, L.P. on the other

9  hand entered into an Amended and Restated Easement Agreement ("AREA") concerning

10  pipeline easements and rent. The AREA speak for itself, and Union Pacific denies the

11  remaining allegations, conclusions, characterizations, implications, or speculation of

12  Paragraph 112 related to the AREA. Union Pacific denies the remaining allegations of

13  Paragraph 112.

14      113.    Union Pacific admits it received a portion of the rent amounts due for pipeline

15  easements. Union Pacific denies Plaintiffs are entitled to charge, collect, or payment of rent

16  in connection with pipeline easements within the right-of-way. Union Pacific denies the

17  remaining allegations of Paragraph 113.

18      114.    Union Pacific denies the allegations of Paragraph 114.

19      115.    Union Pacific denies the allegations of Paragraph 115.

20      116.    Union Pacific denies the allegations of Paragraph 116.

21      117.    Union Pacific denies the allegations of Paragraph 117.

22      118.    The allegations of Paragraph 118 are not directed to Union Pacific and,

23  therefore, no response is required. To the extent a response is required, Union Pacific denies

24  the allegations of Paragraph 118.

25      119.    The allegations of Paragraph 119 are not directed to Union Pacific and,

26  therefore, no response is required. To the extent a response is required, Union Pacific denies

27  the allegations of Paragraph 119.

28

120.   The allegations of Paragraph 120 are not directed to Union Pacific and, therefore, no response is required. To the extent a response is required, Union Pacific denies the allegations of Paragraph 120.

121.   The allegations of Paragraph 121 are not directed to Union Pacific and, therefore, no response is required. To the extent a response is required, Paragraph 121 states legal conclusions, not allegations of fact, and no response is required. To the extent any further response is required, Union Pacific denies it engaged in any wrongful acts. Union Pacific admits portions of the pipeline pass within Union Pacific's right-of-way. Union Pacific denies the remaining allegations of Paragraph 121.

122.   The allegations of Paragraph 122 are not directed to Union Pacific and, therefore, no response is required. To the extent a response is required, Union Pacific denies the allegations of Paragraph 122.

123.   The allegations of Paragraph 123 are not directed to Union Pacific and, therefore, no response is required. To the extent a response is required, Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 123 and, therefore, denies the same.

124.   The allegations of Paragraph 124 are not directed to Union Pacific and, therefore, no response is required. To the extent a response is required, Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 124 and, therefore, denies the same.

125.   The allegations of Paragraph 125 are not directed to Union Pacific and, therefore, no response is required. To the extent a response is required, Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 125 and, therefore, denies the same.

126.   The allegations of Paragraph 126 are not directed to Union Pacific and, therefore, no response is required. To the extent a response is required, Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 126 and, therefore, denies the same.

127.   Union Pacific denies the allegations of Paragraph 127.

128.   Union Pacific denies the allegations of Paragraph 128.

129.   Union Pacific denies the allegations of Paragraph 129.

130.   Union Pacific denies the allegations of Paragraph 130.

131.   Union Pacific denies the allegations of Paragraph 131.

Union Pacific is not required to respond to Plaintiffs' prayer for relief, but the extent such a response is deemed required, Union Pacific denies Plaintiffs are entitled to the relief requested in the "WHEREFORE" clause following Paragraph 131, or to any relief whatsoever.

## FIFTH CAUSE OF ACTION

### (EJECTMENT AND/OR POSSESSORY ACTION)

132.   Union Pacific incorporates by reference its responses to Paragraphs 1-131 as if fully set forth in this Paragraph 132.

133.   Paragraph 133 states legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 and, therefore, denies the same.

134.   Union Pacific denies the allegations of Paragraph 134.

135.   Paragraph 135 states legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 and, therefore, denies the same.

136.   Union Pacific denies the allegations of Paragraph 136.

137.   The allegations of Paragraph 137 are not directed to Union Pacific and, therefore, no response is required. To the extent a response is required, Paragraph 137 states legal conclusions not allegations of fact, and no response is required. Union Pacific denies the remaining allegations of Paragraph 137.

138.    The allegations of Paragraph 138 are not directed to Union Pacific and, therefore, no response is required. To the extent a response is required, Paragraph 138 states legal conclusions not allegations of fact, and no response is required. Union Pacific denies the remaining allegations of Paragraph 138.

139.    Union Pacific denies the allegations of Paragraph 139.

140.    Union Pacific denies the allegations of Paragraph 140.

141.    Union Pacific denies the allegations of Paragraph 141.

142.    Union Pacific denies the allegations of Paragraph 142.

143.    Union Pacific denies the allegations of Paragraph 143.

Union Pacific is not required to respond to Plaintiffs' prayer for relief, but the extent such a response is deemed required, Union Pacific denies Plaintiffs are entitled to the relief requested in the "WHEREFORE" clause following Paragraph 143, or to any relief whatsoever.

## SIXTH CAUSE OF ACTION

### (INVERSE CONDEMNATION)

144.    Union Pacific incorporates by reference its responses to Paragraphs 1-143 as if fully set forth in this Paragraph 144.

145.    Union Pacific denies the allegations of Paragraph 145.

146.    Paragraph 146 states legal conclusions, not allegations of fact, and no response is required. To the extent a response is required, Union Pacific admits that it has the power of eminent domain pursuant to Ariz. Rev. Stat. § 12-1111.

147.    Union Pacific denies the allegations of Paragraph 147.

148.    Union Pacific denies the allegations of Paragraph 148.

149.    Union Pacific denies the allegations of Paragraph 149.

150.    Union Pacific denies the allegations of Paragraph 150.

151.    Union Pacific denies the allegations of Paragraph 151.

152.    Union Pacific denies the allegations of Paragraph 152.

153.    Union Pacific denies the allegations of Paragraph 153.

1    Union Pacific is not required to respond to Plaintiffs' prayer for relief, but the extent

2    such a response is deemed required, Union Pacific denies Plaintiffs are entitled to the relief

3    requested in the "WHEREFORE" clause following Paragraph 153, or to any relief

4    whatsoever.

5                        **SEVENTH CAUSE OF ACTION**

6              **(TO RECOVER RENTS OR FOR THE USE OF REAL PROPERTY)**

7            154.   Union Pacific incorporates by reference its responses to Paragraphs 1-153 as if

8    fully set forth in this Paragraph 154.

9            155.   Union Pacific denies that Plaintiffs own any interest in land within the

10   railroad's right-of-way, and denies Plaintiffs are entitled to payment of rent or other

11   compensation, or damages in connection with pipeline easements within the railroad's right-

12   of-way. Union Pacific lacks knowledge or information sufficient to form a belief as to the

13   truth of the remaining allegations of Paragraph 155 and, therefore, denies the same.

14           156.   Union Pacific denies the allegations of Paragraph 156.

15           Union Pacific is not required to respond to Plaintiffs' prayer for relief, but the extent

16   such a response is deemed required, Union Pacific denies Plaintiffs are entitled to the relief

17   requested in the "WHEREFORE" clause following Paragraph 156, or to any relief

18   whatsoever.

19                       **EIGHTH CAUSE OF ACTION**

20                            **(ACCOUNTING)**

21           157.   Union Pacific incorporates by reference its responses to Paragraphs 1-156 as if

22   fully set forth in this Paragraph 157.

23           158.   Union Pacific denies the allegations of Paragraph 158.

24           159.   Union Pacific denies the allegations of Paragraph 159.

25           160.   Union Pacific denies the allegations of Paragraph 160.

26           161.   Union Pacific denies the allegations of Paragraph 161.

27           162.   Union Pacific denies the allegations of Paragraph 162.

28           163.   Union Pacific admits the allegations of Paragraph 163.

164.   Union Pacific denies the allegations of Paragraph 164.

165.   Union Pacific denies the allegations of Paragraph 165.

166.   Union Pacific denies the allegations of Paragraph 166.

167.   Union Pacific denies the allegations of Paragraph 167.

168.   Union Pacific denies the allegations of Paragraph 168.

Union Pacific is not required to respond to Plaintiffs' prayer for relief, but the extent such a response is deemed required, Union Pacific denies Plaintiffs are entitled to the relief requested in the "WHEREFORE" clause following Paragraph 168, or to any relief whatsoever.

### UNION PACIFIC'S AFFIRMATIVE DEFENSES

In addition to the foregoing denials, Union Pacific alleges and asserts the following affirmative defenses applicable to each and every allegation and each and every count contained in the Amended Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiffs, states:

### First Affirmative Defense

The Amended Complaint fails to state facts constituting any cause of action.

### Second Affirmative Defense

Plaintiffs lack standing to assert the claims alleged in the Amended Complaint.

### Third Affirmative Defense

All or part of the claims that Plaintiffs assert are barred by the doctrine of prescription (prescriptive easement).

### Fourth Affirmative Defense

All or part of the claims that Plaintiffs assert are barred by the doctrine of adverse possession.

### Fifth Affirmative Defense

All or part of the claims that Plaintiffs assert are barred by the applicable statute(s) of limitations and repose.

UNION PACIFIC'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-cv-01092-DGC

1

2

3

**<u>Sixth Affirmative Defense</u>**

All or part of the claims that Plaintiffs assert are barred by the doctrines of estoppel, laches, unclean hands, waiver and/or acquiescence.

4

5

6

**<u>Seventh Affirmative Defense</u>**

All or part of the claims that Plaintiffs assert should be denied based on the doctrines of res judicata and collateral estoppel.

7

8

9

**<u>Eighth Affirmative Defense</u>**

Plaintiffs' claims should be denied, in whole or in part, because Plaintiffs failed to mitigate their alleged damages.

10

11

12

**<u>Ninth Affirmative Defense</u>**

In all respects pertinent to this action, Union Pacific has acted within its rights and has engaged in uses of its property interests that are permitted.

13

14

15

**<u>Tenth Affirmative Defense</u>**

Plaintiffs' claims are barred by the doctrines of actual and/or implied consent and/or ratification.

16

17

**<u>Eleventh Affirmative Defense</u>**

Plaintiffs have failed to join an indispensable/necessary party.

18

19

20

**<u>Twelfth Affirmative Defense</u>**

Plaintiffs' claims are barred to the extent they would be unjustly enriched by any recovery.

21

22

23

**<u>Thirteenth Affirmative Defense</u>**

All or part of the claims that Plaintiffs assert should be denied because Plaintiffs cannot recover disgorgement of benefits and/or profits.

24

25

26

27

28

**<u>Fourteenth Affirmative Defense</u>**

If Plaintiffs sustained damages, which Union Pacific specifically denies, Plaintiffs' claims are barred, in whole or in part, because the conduct, actions, or omissions of other persons or entities, over which Union Pacific had no control, caused or contributed to Plaintiffs' alleged damages.

19

**<u>Fifteenth Affirmative Defense</u>**

Plaintiffs' claims are barred, in whole or in part, by settlement, release, and/or accord and satisfaction.

**<u>Sixteenth Affirmative Defense</u>**

Plaintiffs are not entitled to an award of attorneys' fees in the absence of a contract, statute, or law authorizing such fees.

**<u>Seventeenth Affirmative Defense</u>**

Plaintiffs' claims for equitable relief are barred due to the existence of adequate remedies at law.

**<u>Eighteenth Affirmative Defense</u>**

Should Union Pacific be held liable to Plaintiffs, which liability is specifically denied, Union Pacific would be entitled to a set-off of monies previously awarded or collected by, or paid to, Plaintiffs for their alleged damages.

**<u>Nineteenth Affirmative Defense</u>**

Plaintiffs have not been damaged, and Union Pacific's conduct did not cause, proximately cause, solely cause, or solely-proximately cause the damages and/or injuries Plaintiffs claim, if any.

**<u>Twentieth Affirmative Defense</u>**

Plaintiffs have failed to plead their claims with sufficient particularity.

**<u>Twenty-First Affirmative Defense</u>**

The relief Plaintiffs seek is barred, in whole or in part, because the conduct complained of is not unlawful, unfair, fraudulent, deceptive, untrue or misleading.

**<u>Twenty-Second Affirmative Defense</u>**

To the extent Plaintiffs seek exemplary or punitive damages, Plaintiffs fail to allege facts sufficient to entitle Plaintiffs to an award of exemplary or punitive damages.

1

### Twenty-Third Affirmative Defense

2      To the extent Plaintiffs seek exemplary or punitive damages, their claims are barred

3   by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the

4   Arizona Constitution.

5

### Twenty-Fourth Affirmative Defense

6      To the extent Plaintiffs seek exemplary or punitive damages, Union Pacific

7   specifically incorporates by reference all standards and/or limitations regarding the

8   determination and enforceability of exemplary or punitive damage awards that arise in the

9   decisions of *BMW of N. Am. v. Gore*, 517 U.S. 559(1996), *Cooper Industries, Inc. v.*

10   *Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v.*

11   *Campbell*, 538 U.S. 408 (2003).

12

### Twenty-Fifth Affirmative Defense

13      If Plaintiffs sustained injuries or damages as alleged, which Union Pacific denies,

14   their injuries or damages were the result of intervening and/or superseding causes, and not as

15   a result of acts or omissions of Union Pacific.

16

### Twenty-Sixth Affirmative Defense

17      Plaintiffs are not real parties in interest, because on information and belief, their

18   predecessors in purported title did not own and/or could not convey any interest to them in

19   the subsurface of Union Pacific's right-of-way.

20

### Twenty-Seventh Affirmative Defense

21      Plaintiffs' claims are preempted by the Interstate Commerce Commission

22   Termination Act of 1995 and other applicable laws.

23

### Twenty-Eighth Affirmative Defense

24      If Plaintiffs are determined to own any right, title, or interest in land within or below

25   Union Pacific's right-of-way, which right, title and interest Union Pacific specifically denies,

26   Union Pacific has an equitable right to encroach upon any such right, title or interest.

27

28

**Twenty-Ninth Affirmative Defense**

Any recovery against Union Pacific is barred or should be limited by the doctrine of apportionment.

**Thirtieth Affirmative Defense**

All or part of the claims that Plaintiffs assert are barred by periods of limitations provided in railroad charters or other statutes pursuant to which Union Pacific and its predecessors acquired property.

**Thirty-First Affirmative Defense**

All or part of the claims that Plaintiffs assert should be denied based on license.

**Thirty-Second Affirmative Defense**

All or part of the claims that Plaintiffs assert should be denied based on payment.

**Thirty-Third Affirmative Defense**

All or part of the claims that Plaintiffs assert are barred to the extent that Plaintiffs have not exhausted their administrative remedies.

**Thirty-Fourth Affirmative Defense**

All or part of the claims that Plaintiffs are barred because Union Pacific's actions were authorized by the terms of a valid express/implied easement.

**INCORPORATION BY REFERENCE**

Union Pacific hereby incorporates by reference any affirmative defense that any other Defendant pleads in this action to the extent the affirmative defense applies to any claim against Union Pacific in whole or in part.

**RESERVATION OF SEPARATE AND ADDITIONAL DEFENSES**

Union Pacific presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, defenses to the Amended Complaint. Union Pacific reserves the right to assert additional defenses as it becomes aware that such defenses may be available.

**PRAYER FOR RELIEF**

WHEREFORE, Union Pacific hereby requests:

1  (a)  That judgment be entered in its favor and against Plaintiffs;

2  (b)  That the Amended Complaint and all its claims be dismissed with prejudice;

3  (c)  For attorneys' fees and costs of suit; and

4  (d)  For such other and different relief as this Court may deem just and proper.

### UNION PACIFIC'S COUNTERCLAIMS AGAINST PLAINTIFFS

Pursuant to Federal Rule of Civil Procedure 13, Defendant/Counterclaim Plaintiff Union Pacific Railroad Company, for its Counterclaims against Plaintiffs/Counterclaim Defendants, states and alleges as follows:

### PARTIES

1.  Defendant/Counterclaim Plaintiff Union Pacific Railroad Company is, and at all times pertinent to the action has been, a Delaware Corporation, with its principal place of business in Omaha, Nebraska. Union Pacific is the successor-in-interest to Southern Pacific Transportation Company. Union Pacific conducts business within the State of California. (Union Pacific and Southern Pacific are collectively referred to herein as "Union Pacific.")

2.  Plaintiff/Counterclaim Defendant Gordon H. Earhart, trustee of the Earhart Family Revocable Trust, is, on information and belief, a citizen of Arizona, who alleges he owns real property in Pima County, Arizona, tax parcel number 21728001K, which is adjacent to the railroad right-of-way.

3.  Plaintiffs/Counterclaim Defendants Rudy T. Escalante and Laurie B. Escalante are, on information and belief, citizens of Arizona, who allege they own real property in Pinal County, Arizona, tax parcel number 40215032A, which is adjacent to the railroad right-of-way.

4.  Plaintiffs/Counterclaim Defendants Patricia Miller and Jeffrey Miller are, on information and belief, citizens of Arizona, who allege they own real property in Pima, County, Arizona, tax parcel number 221360070, which is adjacent to the railroad right-of-way.

5.     Plaintiff/Counterclaim Defendant Linda Martinez is, on information and belief, a citizen of Arizona, who alleges she owns real property in Pinal County, Arizona, which is adjacent to the railroad right-of-way.

6.     Plaintiff/Counterclaim Defendant Scott Hurst is, on information and belief, a citizen of Arizona, who alleges he owns real property in Maricopa County, Arizona, tax parcel number 50444020S, which is adjacent to the railroad right-of-way.

7.     Plaintiff/Counterclaim Defendant Mark Blosser is, on information and belief, a citizen of Arizona, who alleges he owns real property in Pinal County, Arizona, tax parcel number 41002001A, which is adjacent to the railroad right-of-way.

8.     Plaintiff/Counterclaim Defendant Janie Hernandez is, on information and belief, a citizen of Arizona, who alleges she owns real property in Pinal County, Arizona, tax parcel number 405020560, which is adjacent to the railroad right-of-way.

9.     Plaintiff/Counterclaim Defendant Petra R. Lopez is, on information and belief, a citizen of Arizona, who alleges he owns real property in Maricopa County, Arizona, tax parcel number 405032910, which is adjacent to the railroad right-of-way.

10.     Plaintiffs/Counterclaim Defendants Raymond Vice and Barbara Vice are, on information and belief, citizens of Arizona, who allege they own real property in Pinal County, Arizona, tax parcel number 405032910, which is adjacent to the railroad right-of-way.

11.     Union Pacific collectively refers to Plaintiffs/Counterclaim Defendants property as the "Alleged Plaintiff Parcels."

## JURISDICTION AND VENUE

12.     This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a), in that the claims asserted in this Counterclaim are so related to the claims in the Complaint that they form the same case or controversy.

13.     Venue is proper in this District under 28 U.S.C. § 1391 because the real property at issue is located in the State of Arizona and because a substantial part of the events giving rise to this Counterclaim occurred in the State of Arizona.

## GENERAL FACTS

16.     As more fully set forth below, Union Pacific (or its predecessors) initially acquired its railroad right-of-way adjacent to the Alleged Plaintiff Parcels pursuant to the General Railroad Right-of-Way Act of 1875 ("the 1875 Act"). On information and belief, Union Pacific may have also acquired small portions of its railroad right-of-way adjacent to the Alleged Plaintiff Parcels by private conveyance(s).

17.     Union Pacific or its predecessors have possessed and occupied this property, including the rights and interests to all the land within the right-of-way, since it built its railroad in the late 1800s.

18.     At all relevant times, Union Pacific or its predecessors have excluded Plaintiffs and their predecessors from the railroad right-of-way.

19.     As early as the 1950s, Southern Pacific Pipelines, Inc. and or its successors ("the Pipeline") began constructing, operating, and maintaining a pipeline within Union Pacific's right-of-way.

20.     In connection with this pipeline, Union Pacific has granted pipeline easements for the continued construction, maintenance and operation of the Pipeline's high pressure petroleum products pipeline and appurtenances within Union Pacific's right-of-way, including property that runs adjacent to the Alleged Plaintiff Parcels.

21.     Plaintiffs/Counterclaim Defendants allegedly own parcels of land adjacent to Union Pacific's railroad right-of-way.

22.     On information and belief, Union Pacific's predecessor(s) acquired the railroad right-of-way adjacent Alleged Plaintiff Parcels by virtue of the 1875 Act.

23.     The 1875 Act provides Union Pacific an easement with the right to exclusive use and occupancy of the railroad right-of-way and the right to conduct or authorize all activities on the railroad right-of-way that either derive from or further a railroad purpose.

24.     The pipeline serves a railroad purpose because Union Pacific uses capacity on the pipeline to transport millions of gallons of fuel a year, purchased directly by Union Pacific from third-party refineries, via dedicated facilities to private terminals on the railroad

line that Union Pacific owns. Union Pacific uses this fuel to power its locomotives and to reduce core railroad operating costs by millions of dollars a year. Union Pacific cannot operate a railroad without fuel to power its locomotives.

25.    Union Pacific and/or its predecessors have possessed and occupied the railroad right-of-way since approximately 1875. The railroad right-of-way has never been abandoned by Union Pacific or its predecessors, and is currently used as a railroad right-of-way.

26.    Union Pacific has openly and exclusively occupied  and possessed the railroad right-of-way that runs adjacent to the Alleged Plaintiff Parcels by continuously using the railroad right-of-way; by excluding adjacent landowners, including Plaintiffs/Counterclaim Defendants (and their predecessors), and others from using, accessing, or occupying the railroad right-of-way; and by granting easements and access to land within the railroad right-of-way (including without limitation, granting pipeline easements to the Pipeline or its predecessors for the construction, existence, maintenance, and operation of the pipeline).

27.    The existence and location of the pipeline are also publicized on signs installed on the surface of the property, on maps specifying its location, and other publicly available media concerning the existence and operation of pipeline.

## COUNT I—DECLARATORY JUDGMENT

28.    Union Pacific incorporates by reference its allegations of Paragraphs 1-27 as if fully set forth in this Paragraph 28.

29.    An actual dispute and controversy presently exists between Union Pacific and Plaintiffs/Counterclaim Defendants concerning Union Pacific's rights and interests under the 1875 Act, among others, to real property within Union Pacific's right-of-way.

30.    Plaintiffs/Counterclaim Defendants claim to hold legal right and interests in the portion of Union Pacific's railroad right-of-way adjacent to their property.

31.    Union Pacific claims Plaintiffs/Counterclaim Defendants hold no rights in and no interests to Union Pacific's railroad right-of-way.

32.     Union Pacific is entitled to a declaration that under the 1875 Act Union Pacific has all right and interests in its railroad right-of-way, including land that crosses and/or abuts the Alleged Plaintiff Parcels.

33.     Union Pacific is entitled to a declaration that Plaintiffs/Counterclaim Defendants have no current rights with respect to its railroad right-of-way.

34.     A judicial determination of the rights and responsibilities of the parties of the real property in question is necessary and appropriate at this time.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Union Pacific requests that the Court enter its judgment declaring that: (1) under the 1875 Act, Union Pacific has the right to exclusive use and occupancy of the railroad right-of-way adjacent to Alleged Plaintiff Parcels and the right to conduct or authorize all activities on the railroad right-of-way that either derive from or further a railroad purpose; (2) because Union Pacific has not abandoned the railroad right-of-way, Plaintiffs/Counterclaim Defendants have no rights to the railroad right-of-way unless and until it is abandoned; (3) permitting the pipeline easements for the continued construction, maintenance and operation of the Pipeline's high pressure petroleum pipeline and appurtenances within Union Pacific's right-of-way is within Union Pacific's railroad right-of-way rights.

## COUNT II—QUIET TITLE (1875 ACT)

35.     Union Pacific incorporates by reference its allegations of Paragraphs 1-34 as if fully set forth in this Paragraph 35.

36.     Union Pacific has the right to exclusive use and occupancy of the railroad right-of-way adjacent to Alleged Plaintiff Parcels and the right to conduct or authorize all activities on the railroad right-of-way that either derive from or further a railroad purpose by virtue of the 1875 Act.

37.     On information and belief, Union Pacific may have also acquired small portions of its railroad right-of-way adjacent to the Alleged Plaintiff Parcels by private conveyance(s).

38.     Union Pacific has not abandoned the railroad right-of-way.

39.     The pipeline easements granted by Union Pacific for the continued construction, maintenance and operation of the Pipeline's high pressure petroleum products pipeline and appurtenances within Union Pacific's right-of-way is within Union Pacific's railroad right-of-way rights.

40.     Each of the Plaintiffs/Counterclaim Defendants have asserted adverse claims to Union Pacific's title to the railroad right-of-way by filing their Complaint in this action, and by, among other things, claiming to own in fee simple and seeking to quiet title to property that crosses and/or abuts Union Pacific's railroad right-of-way, including the adjacent Alleged Plaintiff Parcels described above; and seeking to exclude and prohibit Union Pacific from occupying, possessing, and granting easements in the railroad right-of-way.

41.     Union Pacific has all rights and interests in the railroad right-of-way by virtue of the 1875 Act and/or private conveyance(s).

42.     None of the Plaintiff/Counterclaim Defendants own or hold any right, title, or interest in any property within Union Pacific's railroad right-of-way or in any other portion of the railroad's right-of-way.

43.     Union Pacific prays that title be quieted solely in the name of Union Pacific, free and clear of any claimed right, title or interest asserted by any of the Plaintiffs/Counterclaim Defendants.

WHEREFORE, Union Pacific prays for a judgment in its favor:

(a)     Quieting title to the land above solely in the name of Union Pacific, free and clear of any claimed right, title or interest asserted by any of the Plaintiffs/Counterclaim Defendants;

(b)     That Union Pacific be awarded costs, disbursements, and reasonable attorneys' fees; and,

(c)     For such other and different relief as this Court may deem just and proper.

## COUNT III—QUIET TITLE-ADVERSE POSSESSION

44.     Union Pacific incorporates by reference its allegations of Paragraphs 1-43 as if fully set forth in this Paragraph 44.

45.     Union Pacific claims title to the railroad right-of-way, including the right-of-way adjacent to Alleged Plaintiff Parcels, by virtue of the 1875 Act and/or private conveyance(s). In addition, Union Pacific has acquired any rights and interests of Plaintiffs/Counterclaim Defendants and or fee simple title to all land within the railroad right-of-way through adverse possession.

46.     Union Pacific has possessed and occupied the railroad right-of-way continuously and without interruption for more than 10 years.

47.     Union Pacific has excluded adjacent landowners, including Plaintiffs/Counterclaim Defendants (and their predecessors), and others from using, accessing, or occupying the railroad right-of-way.

48.     Union Pacific's possession and occupancy has been and is open, visible, continuous and undisturbed, and provided reasonable notice to Plaintiffs/Counterclaim Defendants that Union Pacific possesses, occupies, and claims title to all the land within the railroad right-of-way.

49.     Union Pacific owns and maintains the right and title to possess and occupy all land within its railroad right-of-way that crosses and/or abuts the Alleged Plaintiff Parcels.

50.     Union Pacific's right and title to possess and occupy the land within its right-of-way is exclusive, and its possession and occupancy has been and is hostile to each of the Plaintiffs/Counterclaim Defendants' alleged title.

51.     Union Pacific paid all taxes levied and assessed on the land within its right-of-way that crosses and/or abuts any of the Alleged Plaintiff Parcels for at least the prior 10 years.

52.     Union Pacific prays that title in fee simple to the property described above be quieted solely in the name of Union Pacific, free and clear of any claimed right, title or interest asserted by any of the Plaintiffs/Counterclaim Defendants.

1    WHEREFORE, Union Pacific prays for a judgment in its favor:

2    (a)    Quieting title to the above-described property solely in the name of Union

3    Pacific, free and clear of any claimed right, title or interest asserted by any of the

4    Plaintiffs/Counterclaim Defendants;

5    (b)    That Union Pacific be awarded costs, disbursements, and reasonable attorneys'

6    fees; and,

7    (c)    For such other and different relief as this Court may deem just and proper.

8    **COUNT IV—QUIET TITLE-PRESCRIPTIVE EASEMENT**

9    53.    Union Pacific incorporates by reference its allegations of Paragraphs 1-52 as if

10    fully set forth in this Paragraph 53.

11    54.    Union Pacific claims title to the railroad right-of-way, including the right-of-

12    way to Alleged Plaintiff Parcels, by virtue of the 1875 Act and/or private conveyance(s). In

13    addition, Union Pacific has acquired any rights and interests of Plaintiffs/Counterclaim

14    Defendants and or fee simple title to all land within the railroad right-of-way through adverse

15    possession. If and to the extent it is found Union Pacific did not, by virtue of the 1875 Act,

16    private conveyance, or by adverse possession, acquire fee simple to the property or to any

17    portion of its railroad right-of-way, including the right-of-way adjacent to Alleged Plaintiff

18    Parcels, Union Pacific has acquired a prescriptive easement over and through the Alleged

19    Plaintiff Parcels for the construction, maintenance and operation of high pressure petroleum

20    products pipeline and appurtenances within the railroad right-of-way, and to grant easements

21    to third-parties for the same.

22    55.    Union Pacific has used the railroad right-of-way for these purposes, and has

23    excluded adjacent landowners, including Plaintiffs/Counterclaim Defendants (and their

24    predecessors), and others from using, accessing, or occupying said property for more than 10

25    years.

26    56.    Union Pacific's use has been and is open and notorious, continued and

27    uninterrupted, for more than 10 years.

28

1    57.    Union Pacific's use has been and is hostile to each of the

2    Plaintiffs/Counterclaim Defendants.

3    58.    Union Pacific's use has been and is under Union Pacific's claimed title and

4    right to exclusively use the property for Union Pacific's purposes.

5    WHEREFORE, Union Pacific prays for a judgment in its favor:

6    (a)    Quieting title to Union Pacific by prescription in the property described above

7    for the purposes of construction, maintenance and operation of high pressure petroleum

8    products pipeline and appurtenances within Union Pacific's railroad right-of-way, and for

9    granting easements to third-parties for the same;

10    (b)    That Union Pacific be awarded costs, disbursements, and reasonable attorneys'

11    fees; and,

12    (c)    For such other and different relief as this Court may deem just and proper.

13    **COUNT V—UNJUST ENRICHMENT**

14    59.    Union Pacific incorporates by reference its allegations of Paragraphs 1-58 as if

15    fully set forth in this Paragraph 59.

16    60.    If and to the extent it is found that any Plaintiff/Counterclaim Defendant holds

17    any right, title or interest in that crosses and/or abuts Union Pacific's right-of-way (which

18    Union Pacific denies), Plaintiffs/Counterclaim Defendants have received benefits from

19    Union Pacific's use of and improvements the property.

20    61.    Union Pacific has made substantial improvements to the property at Union

21    Pacific's expense, and Union Pacific has expended additional significant resources managing

22    and maintaining the improvements for decades. These improvements include but are not

23    limited to earthwork, drainage, cuts, fills, bridges, access roads, power and water, and

24    erosion control.

25    62.    On information and belief, Union Pacific's improvements to the property were

26    known and appreciated by Plaintiffs/Counterclaim Defendants, who could not have

27    accomplished the improvements or achieved their benefits without Union Pacific's consent,

28    active involvement and assistance, without Union Pacific's expenditures and resources.

63.     On information and belief Plaintiffs/Counterclaim Defendants have incurred no expense and have not improved the property within Union Pacific's right-of-way, or in managing or maintaining the improvements.

64.     It would be unjust to allow Plaintiffs/Counterclaim Defendants to retain the benefits of the improvements made, managed, and maintained at Union Pacific's expense without making payments to Union Pacific.

WHEREFORE, Union Pacific prays for a judgment in its favor:

(a)     Awarding Union Pacific recovery of the value of benefits conferred on Plaintiffs/Counterclaim Defendants as a result of improvements to the property made, managed and maintained at Union Pacific's expense;

(b)     That Union Pacific be awarded costs, disbursements, and reasonable attorneys' fees; and,

(c)     For such other and different relief as this Court may deem just and proper.

///

///

Dated:  January 10, 2018                    Respectfully submitted,


                                             s/ Tammy B. Webb_____
                                            Joseph Rebein, (Admitted *Pro Hac Vice*)
                                            Andrew Carpenter (Admitted *Pro Hac Vice*)
                                            Brent Dwerlkotte (Admitted *Pro Hac Vice*)
                                            SHOOK, HARDY & BACON L.L.P.
                                            2555 Grand Boulevard
                                            Kansas City, Missouri 64108
                                            Telephone: 816-474-6550
                                            Facsimile: 816-421-5547
                                            jrebein@shb.com
                                            acarpenter@shb.com
                                            dbdwerlkotte@shb.com

                                            Tammy B. Webb, (Admitted *Pro Hac Vice*)
                                            John K. Sherk, III, (Admitted *Pro Hac Vice*)
                                            SHOOK, HARDY & BACON L.L.P.
                                            One Montgomery, Suite 2700
                                            San Francisco, California 94104
                                            Telephone:   415-544-1900
                                            Facsimile:   415-391-0281
                                            jsherk@shb.com
                                            tbwebb@shb.com

                                            Attorneys for Defendant
                                            Union Pacific Railroad Company

1

## CERTIFICATE OF SERVICE

2

I hereby certify that, on January 10, 2018, the following document was electronically

3

filed with the Clerk of the Court and served using the CM/ECF system, which will send

4

notification of such filing to the attorneys of record at their listed email addresses.

5

6

- **UNION PACIFIC RAILROAD COMPANY'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' AMENDED COMPLAINT**

7

8

DATED:  January 10, 2018

9

/s/ Tammy B. Webb
Tammy B. Webb

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28