STEVEN M. STRAUSS (*Admitted Pro Hac Vice*)
(sms@cooley.com)
M. RAY HARTMAN III (*Admitted Pro Hac Vice*)
(rhartman@cooley.com)
SUMMER J. WYNN (*Admitted Pro Hac Vice*)
(swynn@cooley.com)
CATHERINE J. O'CONNOR (*Admitted Pro Hac Vice*)
(coconnor@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendants
SFPP, L.P., Kinder Morgan Operating L.P. "D," and
Kinder Morgan G.P., Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gordon H. Earhart, trustee of the Earhart Family Revocable Trust, Rudy T. Escalante and Laurie B. Escalante, Patricia Miller and Jeffrey Miller, Linda Martinez, Scott Hurst, Mark Blosser, Janie Hernandez, Petra R. Lopez, and Raymond Vice and Barbara Vice, | LEAD CASE NO. 2:15-cv-01092-DGC<br><br>(Consolidated with Case No. 2:17-cv-03099-DGC)<br><br>**KINDER MORGAN'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| v. | Honorable David G. Campbell |
| Union Pacific Railroad Company, successor to Southern Pacific Transportation Company, SFPP, L.P. (formerly known as Santa Fe Pacific Pipelines, Inc., formerly known as Southern Pacific Pipelines, Inc.), Kinder Morgan Operating L.P. "D", and Kinder Morgan G.P., Inc., | |
| Defendants. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-cv-01092-DGC

Defendants SFPP, L.P., Kinder Morgan Operating L.P. "D," and Kinder Morgan G.P., Inc. (collectively, "Kinder Morgan" or "Pipeline") hereby answer Plaintiffs' Amended Complaint filed December 4, 2017.

In this Answer, Plaintiffs Gordon H. Earhart, trustee of the Earhart Family Revocable Trust, Rudy T. Escalante and Laurie B. Escalante, Patricia Miller and Jeffrey Miller, Linda Martinez, Scott Hurst, Mark Blosser, Janie Hernandez, Petra R. Lopez, and Raymond Vice and Barbara Vice are referred to collectively as "Plaintiffs." Defendant Union Pacific Railroad Company is referred to as either "Union Pacific" or "Railroad."

The headings and paragraph numbers below correspond to the headings and paragraph numbers in the Amended Complaint. Kinder Morgan denies any allegations in the Amended Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

## **PARTIES**

1.      Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis, denies them.

2.      Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis, denies them.

3.      Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis, denies them.

4.      Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis, denies them.

5.      Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis, denies them.

6.      Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and on that basis, denies them.

7.      Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis, denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

8.     Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis, denies them.

9.     Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis, denies them.

10.    Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis, denies them.

11.    Kinder Morgan admits that SFPP, L.P. is a Delaware limited partnership with its principal place of business in Orange, California.  The remaining allegations in Paragraph 11 are legal assertions, legal conclusions, or legal formalities to which no response is required.

12.    Kinder Morgan admits that Kinder Morgan Operating L.P. "D" is a Delaware limited partnership with its principal place of business in Houston, Texas.  The remaining allegations in Paragraph 12 are legal assertions, legal conclusions, or legal formalities to which no response is required.

13.    Kinder Morgan admits that Kinder Morgan G.P., Inc. is a Delaware corporation with its principal place of business in Houston, Texas.   The remaining allegations in Paragraph 13 are legal assertions, legal conclusions, or legal formalities to which no response is required.

14.    The allegations of Paragraph 14 are legal formalities to which no response is required.

## JURISDICTION AND VENUE

15.    The allegations of Paragraph 15 are legal assertions, legal conclusions, or legal formalities to which no response is required.  To the extent an answer is required, Kinder Morgan admits this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

16.    The allegations of Paragraph 16 are legal assertions, legal conclusions, or legal formalities to which no response is required.  To the extent an answer is required,

Cooley LLP
Attorneys At Law
San Diego

2

Kinder Morgan's Answer To
Plaintiffs' Amended Complaint
Case No. 2:15-cv-01092-DGC

1  Kinder Morgan admits that this Court has jurisdiction over this action based on diversity
2  of citizenship.

3         17.    The allegations of Paragraph 17 are legal assertions, legal conclusions, or
4  legal formalities to which no response is required.  To the extent an answer is required,
5  Kinder Morgan admits that it is subject to this Court's personal jurisdiction in this case.

6         18.    The allegations of Paragraph 18 are legal assertions, legal conclusions, or
7  legal formalities to which no response is required.  To the extent an answer is required,
8  Kinder Morgan admits that venue is proper in this District.

9                            **FACTUAL ALLEGATIONS**

10        19.    No response is required to Paragraph 19 because it contains immaterial
11  background facts, characterizations, and generalizations.  To the extent a further response
12  is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as
13  to the truth of the allegations in Paragraph 19, and on that basis, denies them.

14        20.    No response is required to Paragraph 20 because it contains immaterial
15  background facts, characterizations, and generalizations.  To the extent a further response
16  is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as
17  to the truth of the allegations in Paragraph 20, and on that basis, denies them.

18        21.    No response is required to Paragraph 21 because it contains immaterial
19  background facts, characterizations, and generalizations.  To the extent a further response
20  is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as
21  to the truth of the allegations in Paragraph 21, and on that basis, denies them.

22        22.    Kinder Morgan admits that the Pacific Railroad Act was signed on or about
23  July 1, 1862.  No response is required to the remaining allegations of Paragraph 22
24  because they contain legal assertions or legal conclusions and purport to characterize or
25  generalize federal legislation that speaks for itself.

26        23.    Kinder Morgan admits that Congress passed the General Right-of-Way Act
27  of 1875.  No response is required to the remaining allegations of Paragraph 23 because

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3

**KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC**

they contain legal assertions or legal conclusions and purport to characterize federal legislation that speaks for itself.

24.    No response is required to Paragraph 24 because it contains legal assertions or legal conclusions and/or purports to characterize federal legislation that speaks for itself.

25.    No response is required to Paragraph 25 because it contains legal assertions or legal conclusions and/or purports to characterize federal legislation that speaks for itself.

26.    No response is required to Paragraph 26 because it contains legal assertions or legal conclusions.  To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis, denies them.

27.    Kinder Morgan admits that, beginning in the 1950s, Kinder Morgan's predecessor constructed petroleum product pipelines to run below ground, beneath the Railroad's right-of-way, within the State of Arizona.  Kinder Morgan admits that, in the 1950s, Kinder Morgan's predecessor and the Railroad's predecessor were sister subsidiaries of Southern Pacific Corporation.  Except as expressly admitted herein, Kinder Morgan denies the allegations of Paragraph 27.

28.    Kinder Morgan admits that it operates a pipeline system located within the State of Arizona.  Kinder Morgan admits that its pipeline system distributes refined petroleum products (including diesel, all grades of gasoline, and jet fuel).  Except as expressly admitted herein, Kinder Morgan denies the allegations of Paragraph 28.

29.    Kinder Morgan admits that it operates a pipeline system located, in part, under the Railroad's right-of-way within the State of Arizona.  The remaining allegations in Paragraph 29 are argumentative characterizations, generalizations, legal assertions, or legal conclusions and thus Kinder Morgan denies each and every such allegation.

30.    Admit.

Cooley LLP
Attorneys At Law
San Diego

4

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-cv-01092-DGC

31.     Kinder Morgan admits that the Railroad purported to grant Kinder Morgan the right to construct an underground pipeline within the subsurface of the Railroad's right-of-way.  Kinder Morgan admits that its predecessor and the Railroad's predecessor entered into master agreements in 1955 and 1956, which speak for themselves.  The remaining allegations in Paragraph 31 are argumentative characterizations, generalizations, legal assertions, or legal conclusions and thus Kinder Morgan denies each and every such allegation.

32.     Kinder Morgan admits that its predecessor built pipelines underneath the Railroad's right-of-way.  The remaining allegations in Paragraph 32 are legal assertions, legal conclusions, argumentative characterizations, or generalizations and thus Kinder Morgan denies each and every such allegation.

33.     The allegations in Paragraph 33 purport to generalize or characterize a United States Supreme Court opinion which speaks for itself.  The remaining allegations in Paragraph 33 are argumentative characterizations, generalizations, legal assertions, or legal conclusions and thus Kinder Morgan denies each and every such allegation.

34.     Kinder Morgan admits to the existence of certain letters, which speak for themselves.  Except as expressly admitted herein, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis, denies them.

35.     The allegations in Paragraph 35 purport to characterize the contents of a document that speaks for itself.  Kinder Morgan denies each and every allegation in Paragraph 35 that is inconsistent therewith.

36.     The allegations in Paragraph 36 are argumentative characterizations, generalizations, legal assertions, or legal conclusions and thus Kinder Morgan denies each and every such allegation.

37.     No response to is required to Paragraph 37 because it contains immaterial background facts and generalizations.  Further, the second sentence of Paragraph 37

purports to characterize claims made in a 1991 lawsuit, and Kinder Morgan denies each and every allegation in Paragraph 37 that is inconsistent therewith.

38.    No response to is required to Paragraph 38 because it contains immaterial background facts and generalizations.  To the extent a further response is required, Kinder Morgan admits that parties to the 1991 lawsuit entered into a settlement agreement, which speaks for itself, and Kinder Morgan denies each and every allegation in Paragraph 38 that is inconsistent therewith.

39.    No response to is required to Paragraph 39 because it contains immaterial background facts, characterizations, and generalizations.  To the extent a further response is required, Kinder Morgan admits that the Railroad's and the Pipeline's predecessors entered into an Amended and Restated Easement Agreement (the "AREA"), which speaks for itself, and Kinder Morgan denies each and every allegation in Paragraph 39 that is inconsistent therewith.

40.    No response to is required to Paragraph 40 because it contains immaterial background facts, characterizations, and generalizations.  To the extent a further response is required, admit.

41.    No response to is required to Paragraph 41 because it contains immaterial background facts, characterizations, and generalizations.  To the extent a further response is required, admit.

42.    No response to is required to Paragraph 42 because it contains immaterial background facts, characterizations, and generalizations.  To the extent a further response is required, admit.

43.    No response to is required to Paragraph 43 because it contains immaterial background facts, characterizations, and generalizations.  To the extent a further response is required, admit.

44.    The allegations in Paragraph 44 purport to characterize an opinion by the California Court of Appeal, which speaks for itself.  To the extent a further response is required, Kinder Morgan respectfully refers the Court to the California Court of Appeal

Cooley LLP
Attorneys At Law
San Diego

6

Kinder Morgan's Answer To
Plaintiffs' Amended Complaint
Case No. 2:15-cv-01092-DGC

1    opinion, entitled *Union Pac. R.R. Co. v. Santa Fe Pac. Pipelines, Inc., et al.*, 231 Cal.

2    App. 4th 134 (2014).

3         45.    The allegations in Paragraph 45 purport to characterize an opinion by the

4    California Court of Appeal which speaks for itself.  To the extent a further response is

5    required, Kinder Morgan respectfully refers the Court to the California Court of Appeal

6    opinion, entitled *Union Pac. R.R. Co. v. Santa Fe Pac. Pipelines, Inc., et al.*, 231 Cal.

7    App. 4th 134 (2014).

8         46.    The allegations in Paragraph 46 purport to characterize an opinion by the

9    California Court of Appeal which speaks for itself.  To the extent a further response is

10    required, Kinder Morgan respectfully refers the Court to the California Court of Appeal

11    opinion, entitled *Union Pac. R.R. Co. v. Santa Fe Pac. Pipelines, Inc., et al.*, 231 Cal.

12    App. 4th 134 (2014).  To the extent the allegations in Paragraph 46 are inconsistent with

13    the Court of Appeal opinion, Kinder Morgan denies each and every such allegation.  In

14    particular, Kinder Morgan denies that the California Court of Appeal held that Plaintiffs

15    are the "fee owners of the right-of-way."  The Court of Appeal did not make any holding

16    regarding Plaintiffs.

17         47.    The allegations in Paragraph 47 purport to characterize an opinion by the

18    California Court of Appeal which speaks for itself. To the extent a further response is

19    required, Kinder Morgan respectfully refers the Court to the California Court of Appeal

20    opinion, entitled *Union Pac. R.R. Co. v. Santa Fe Pac. Pipelines, Inc., et al.*, 231 Cal.

21    App. 4th 134 (2014).  To the extent the allegations in Paragraph 47 are inconsistent with

22    the Court of Appeal opinion, Kinder Morgan denies each and every such allegation.

23         48.    Kinder Morgan lacks knowledge or information sufficient to form a belief

24    as to the truth of the allegations in Paragraph 48 that the Railroad's easement is

25    terminated, and on that basis, denies them. The remaining allegations of Paragraph 48 are

26    legal assertions, legal conclusions, or legal formalities to which no response is required.

27    To the extent a further response is required, Kinder Morgan denies the remaining

28    allegations of Paragraph 48.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

49.     The allegations of Paragraph 49 are legal assertions, legal conclusions, or legal formalities to which no response is required.  To the extent a further response is required, Kinder Morgan denies the allegations of Paragraph 49.

50.     The allegations of Paragraph 50 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and on that basis, denies them.

51.     The allegations of Paragraph 51 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and on that basis, denies them.

52.     To the extent the allegations in Paragraph 52 relate to the conduct of the Railroad, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies them.  The remaining allegations in Paragraph 52 are argumentative characterizations, generalizations, legal assertions, or legal conclusions and thus Kinder Morgan denies each and every allegation in Paragraph 52.

53.     The first sentence of Paragraph 53 is a legal assertion or legal conclusion to which no response is required.  The remaining allegations in Paragraph 53 are argumentative characterizations, generalizations, legal assertions, or legal conclusions and thus Kinder Morgan denies each and every such allegation.

54.     The allegations in Paragraph 54 are argumentative characterizations, generalizations, legal assertions, or legal conclusions and thus Kinder Morgan denies each and every allegation in Paragraph 54.

55.     The allegations in Paragraph 55 are argumentative characterizations, generalizations, legal assertions, or legal conclusions and thus Kinder Morgan denies each and every allegation in Paragraph 55.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

56.    The allegations in Paragraph 56 are argumentative characterizations, generalizations, legal assertions, or legal conclusions and thus Kinder Morgan denies each and every allegation in Paragraph 56.

57.    Kinder Morgan admits that the Railroad or its predecessor purported to grant Kinder Morgan or its predecessor the right to construct a pipeline within the subsurface of the Railroad's right-of-way.   Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 regarding the conduct of the Railroad and on that basis, denies them.

58.    Kinder Morgan admits to the existence of letters, which speak for themselves. Except as expressly admitted herein, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and on that basis, denies them.

59.    Kinder Morgan admits to the existence of letters, which speak for themselves.  Except as expressly admitted herein, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and on that basis, denies them.

60.    The allegations in Paragraph 60 are argumentative characterizations, generalizations, legal assertions, legal conclusions, or misstatements of fact and thus Kinder Morgan denies each and every allegation in Paragraph 60.

61.    To the extent the allegations of Paragraph 61 relate to Plaintiffs' awareness of certain facts, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, denies them.   The remaining allegations of Paragraph 61 are argumentative characterizations, generalizations, legal assertions, or legal conclusions and thus Kinder Morgan denies each and every such allegation.

62.    Kinder Morgan denies that Plaintiffs could not have discovered with reasonable diligence that the Railroad was collecting rent from the Pipeline for the use of

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

the subsurface.  Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62, and on that basis, denies them.

63.     The allegations of Paragraph 63 are legal assertions or legal conclusions to which no response is required.  To the extent an answer is required, Kinder Morgan admits that the Second District Court of Appeal of California issued an opinion on or about November 5, 2014.  The opinion speaks for itself.  Except as expressly admitted herein, Kinder Morgan denies the allegations in Paragraph 63.

64.     Kinder Morgan denies that, before the date of the California Court of Appeal's decision, Plaintiffs did not know of facts that would have caused a reasonable person to suspect the existence of the pipeline.  To the extent the allegations of Paragraph 64 relate to Plaintiffs' discovery of certain facts, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, denies them.  The remaining allegations of Paragraph 64 are argumentative characterizations, generalizations, legal assertions, or legal conclusions and thus Kinder Morgan denies each and every such allegation.

65.     To the extent the allegations in Paragraph 65 relate to the conduct of the Railroad, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, denies them.  To the extent the allegations of Paragraph 65 are legal assertions or legal conclusions, no response is required.  To the extent a further response is required, Kinder Morgan denies that Plaintiffs are entitled to tolling of the applicable statute of limitations.  Except as expressly admitted herein, Kinder Morgan denies the allegations of Paragraph 65.

66.     The allegations in Paragraph 66 are argumentative characterizations, generalizations, legal assertions, or legal conclusions and thus Kinder Morgan denies each and every allegation in Paragraph 66.

67.     The first sentence of Paragraph 67 is a legal conclusion, legal assertion, or legal formality to which no response is required.  To the extent the allegations in Paragraph 67 relate to the conduct of the Railroad, Kinder Morgan lacks knowledge or

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

information sufficient to form a belief as to the truth of such allegations, and on that basis, denies them.  To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 67.  Kinder Morgan denies that Plaintiffs are entitled to any of the relief they seek, or any relief whatsoever.

## FIRST CAUSE OF ACTION

## (DECLARATORY JUDGMENT)

68.     No response is required to Paragraph 68 because it contains legal pleading formalities and does not contain any allegation of fact.

69.     The allegations of Paragraph 69 are Plaintiffs' characterization of this action, which require no response.  To the extent a response is required, Kinder Morgan denies the allegations.

70.     The allegations of Paragraph 70 are Plaintiffs' characterization of this action, which require no response.  To the extent a response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and on that basis, denies them.

71.     Kinder Morgan admits that it operates and maintains pipeline that occupies portions of the subsurface of the Railroad's right-of-way.  The remaining allegations in Paragraph 71 are argumentative characterizations, generalizations, legal assertions, legal conclusions, or misstatements of fact and thus Kinder Morgan denies each and every such allegation.

72.     Kinder Morgan denies that Plaintiffs are entitled to the requested declaratory relief.

73.     Kinder Morgan denies that Plaintiffs are entitled to the requested declaratory relief.

74.     The allegations of Paragraph 74 are legal assertions, legal conclusions, or legal formalities to which no response is required.  To the extent a further response is required, Kinder Morgan denies the allegations of Paragraph 74.  The additional allegations and demands following Paragraph 74 and the phrase "WHEREFORE" are

CooLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-cv-01092-DGC

legal assertions, legal conclusions, or legal formalities to which no response is required. To the extent a further response is required, Kinder Morgan denies the allegations and demands following Paragraph 74 and the phrase "WHEREFORE."

## SECOND CAUSE OF ACTION

### (TRESPASS)

75.     No response is required to Paragraph 75 because it contains legal pleading formalities and does not contain any allegation of fact.

76.     The allegations of Paragraph 76 are legal assertions or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and on that basis, denies them.

77.     The allegations of Paragraph 77 are legal assertions or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan denies the allegations of Paragraph 77.

78.     The allegations of Paragraph 78 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan denies the allegations of Paragraph 78.

79.     The allegations of Paragraph 79 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan denies the allegations of Paragraph 79.

80.     To the extent the allegations in Paragraph 80 relate to the conduct or intent of the Railroad, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies them.  Further, the allegations in Paragraph 80 are argumentative characterizations, generalizations, legal assertions, or legal conclusions and thus Kinder Morgan denies each and every allegation in Paragraph 80.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

81.     The allegations of Paragraph 81 are legal assertions or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan denies each and every allegation in Paragraph 81.

82.     Kinder Morgan admits that it or its predecessor installed, maintains, or operates pipeline underneath portions of the Railroad's right-of-way.  Kinder Morgan admits that petroleum products are transported through its pipeline.  Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82 and on that basis, denies them.

83.     Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 regarding the Railroad's conduct or authority and the Plaintiffs' ownership interests, and on that basis, denies them.  The remaining allegations in Paragraph 83 are legal assertions or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan denies the remaining allegations in Paragraph 83.

84.     Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 regarding the Railroad's authority or permission, or whether the Railroad's easement is terminated, and on that basis, denies such allegations.  The remaining allegations in Paragraph 84 are legal assertions or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan denies the remaining allegations in Paragraph 84.

85.     Kinder Morgan avers that there are instances where it or its predecessor has obtained permission from persons or entities apart from the Railroad to enter the subsurface of the Railroad's right-of-way.  Except as expressly admitted herein, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and on that basis, denies them.

86.     The allegations in Paragraph 86 contain argumentative characterizations, generalizations, legal assertions, legal conclusions, or misstatements of fact and thus Kinder Morgan denies each and every allegation in Paragraph 86.

Cooley LLP
Attorneys At Law
San Diego

13

Kinder Morgan's Answer To
Plaintiffs' Amended Complaint
Case No. 2:15-cv-01092-DGC

87. The allegations in Paragraph 87 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and on that basis, denies them.

88. The allegations in Paragraph 88 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan denies each and every allegation in Paragraph 88.

89. The allegations in Paragraph 89 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan denies each and every allegation in Paragraph 89.

90. The allegations in Paragraph 90 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 regarding the conduct of the Railroad, and on that basis, denies such allegations. Kinder Morgan denies the remaining allegation in Paragraph 90.

91. The allegations in Paragraph 91 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 regarding the conduct of the Railroad, and on that basis, denies them. Kinder Morgan denies the remaining allegation in Paragraph 91.

92. The allegations in Paragraph 92 are legal assertions, legal conclusions, or legal formalities to which no response is required. To the extent a further response is required, Kinder Morgan denies each and every allegation in Paragraph 92.

93. The allegations in Paragraph 93 are legal assertions, legal conclusions, or legal formalities to which no response is required. To the extent a further response is required, Kinder Morgan denies each and every allegation in Paragraph 93.

94. The allegations in Paragraph 94 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder

Cooley LLP
Attorneys At Law
San Diego

14

Kinder Morgan's Answer To
Plaintiffs' Amended Complaint
Case No. 2:15-cv-01092-DGC

Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 regarding the conduct of the Railroad, and on that basis, denies such allegations.   Kinder Morgan denies any remaining allegations in Paragraph 94.

95.    The allegations in Paragraph 95 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 regarding the conduct of the Railroad, and on that basis, denies such allegations.  The remaining allegations in Paragraph 95 contain argumentative characterizations, generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus Kinder Morgan denies each and every such allegation.

96.    The allegations in Paragraph 96 are legal assertions, legal conclusions, or legal formalities to which no response is required.  To the extent a further response is required, Kinder Morgan denies each and every allegation in Paragraph 96.

97.    Kinder Morgan admits that it entered into agreements with the Railroad related to the pipeline, which speak for themselves.   The remaining allegations in Paragraph 97 are argumentative characterizations, generalizations, legal assertions, legal conclusions, or misstatements of fact and thus Kinder Morgan denies each and every such allegation.

98.    The allegations in Paragraph 98 are legal assertions, legal conclusions, or legal formalities to which no response is required.  To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 regarding the intent of the Railroad, and on that basis, denies such allegations. Kinder Morgan denies each and every remaining allegation in Paragraph 98.

99.    The allegations in Paragraph 99 are legal assertions, legal conclusions, or legal formalities to which no response is required.  To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

15

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-cv-01092-DGC

the truth of the allegations in Paragraph 99 regarding the intent of the Railroad, and on that basis, denies such allegations.  Kinder Morgan denies each and every remaining allegation in Paragraph 99.  The additional allegations and demands following Paragraph 99 and the phrase "WHEREFORE" are legal assertions, legal conclusions, or legal formalities to which no response is required.  To the extent a further response is required, Kinder Morgan denies the allegations and demands following Paragraph 99 and the phrase "WHEREFORE."

### THIRD CAUSE OF ACTION

### (QUIET TITLE)

100.   No response is required to Paragraph 100 because it contains legal pleading formalities and does not contain any allegation of fact.

101.   The allegations in Paragraph 101 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and on that basis, denies them.

102.   The allegations in Paragraph 102 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and on that basis, denies them.

103.   Kinder Morgan admits that it is in possession of portions of the subsurface beneath the Railroad's right-of-way.  The remaining allegations in Paragraph 103 are argumentative characterizations, generalizations, legal assertions, legal conclusions, or misstatements of fact and thus Kinder Morgan denies each and every allegation in Paragraph 103.

104.   The allegations of Paragraph 104 are Plaintiffs' characterization of this action, which require no response.  To the extent a further response is required, Kinder Morgan admits that it has a right and has asserted a right to occupy, use, and possess the subsurface of the right-of-way.  Kinder Morgan lacks knowledge or information sufficient

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

16

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

to form a belief as to the truth of the allegations in Paragraph 104 regarding the assertions of the Railroad, and on that basis, denies such allegations.

105.   The allegations of Paragraph 105 are Plaintiffs' characterization of this action, which require no response.  To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and on that basis, denies the allegations.

106.   The allegations of Paragraph 106 are Plaintiffs' characterization of this action, which require no response. To the extent a further response is required, Kinder Morgan admits that it has a right and has asserted a right to use the subsurface to transmit petroleum products through its pipeline.  The remaining allegations in Paragraph 106 are argumentative characterizations, generalizations, legal assertions, legal conclusions, or misstatements of fact and thus Kinder Morgan denies each and every such allegation. Further, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegation that Kinder Morgan's pipeline is "located within Plaintiffs' property," and on that basis, denies the allegation.

107.   The allegations in Paragraph 107 are legal assertions or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan denies each and every allegation in Paragraph 107.

108.   The allegations in Paragraph 108 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan denies each and every allegation in Paragraph 108.  The additional allegations and demands following Paragraph 108 and the phrase "WHEREFORE" are legal assertions, legal conclusions, or legal formalities to which no response is required.  To the extent a further response is required, Kinder Morgan denies the allegations and demands following Paragraph 108 and the phrase "WHEREFORE."

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

17

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-cv-01092-DGC

# FOURTH CAUSE OF ACTION

## (UNJUST ENRICHMENT)

109.    No response is required to Paragraph 109 because it contains legal pleading formalities and does not contain any allegation of fact.

110.    The allegations in Paragraph 110 are legal assertions or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and on that basis denies them.

111.    The allegations in Paragraph 111 are legal assertions or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and on that basis denies them.

112.    Admit.

113.    Kinder Morgan admits that the Railroad received rent payments from Kinder Morgan or its predecessor for Kinder Morgan's or its predecessor's use of the subsurface of the Railroad's right-of-way.   Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113 and on that basis, denies them.

114.    Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and on that basis, denies them.

115.    The allegations in Paragraph 115 are legal assertions or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and on that basis denies them.

116.    The allegations in Paragraph 116 are legal assertions or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and on that basis denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

18

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

1   117.   The allegations in Paragraph 117 are legal assertions or legal conclusions to

2   which no response is required.   To the extent a further response is required, Kinder

3   Morgan denies the allegations of Paragraph 117.

4   118.   Kinder Morgan admits that its predecessor and the Railroad's predecessor

5   were sister subsidiaries of Southern Pacific Corporation.   Kinder Morgan also admits that

6   it or its predecessor installed a pipeline in the subsurface of the Railroad's right-of-way.

7   Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth

8   of the remaining allegations in Paragraph 118, and on that basis, denies them.

9   119.   The allegations in Paragraph 119 contain argumentative characterizations,

10   generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus

11   Kinder Morgan denies each and every allegation in Paragraph 119.

12   120.   The allegations in Paragraph 120 contain argumentative characterizations,

13   generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus

14   Kinder Morgan denies each and every allegation in Paragraph 120.

15   121.   Kinder Morgan admits that it operates a pipeline system located, in part,

16   under the Railroad's right-of-way within the State of Arizona.   The remaining allegations

17   in   Paragraph   121   contain   argumentative   characterizations,   generalizations,   legal

18   assertions, legal conclusions, or misrepresentations of fact and thus Kinder Morgan denies

19   each and every such allegation.

20   122.   The allegations in Paragraph 122 contain argumentative characterizations,

21   generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus

22   Kinder Morgan denies each and every allegation in Paragraph 122.

23   123.   The allegations in Paragraph 123 contain argumentative characterizations,

24   generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus

25   Kinder Morgan denies each and every allegation in Paragraph 123.

26   124.   The allegations in Paragraph 124 contain argumentative characterizations,

27   generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus

28   Kinder Morgan denies each and every allegation in Paragraph 124.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

19

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-cv-01092-DGC

125.    The allegations in Paragraph 125 contain argumentative characterizations, generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus Kinder Morgan denies each and every allegation in Paragraph 125.

126.    The allegations in Paragraph 126 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 126.

127.    The allegations in Paragraph 127 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 127.

128.    The allegations in Paragraph 128 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 128.

129.    The allegations in Paragraph 129 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 129.

130.    The allegations in Paragraph 130 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 130.

131.    The allegations in Paragraph 131 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 regarding the intent or conduct of the Railroad, and on that basis, denies the allegation. Kinder Morgan denies the remaining allegations in Paragraph 131.   The additional allegations and demands following Paragraph 131 and the phrase "WHEREFORE" are legal assertions, legal conclusions, or legal formalities to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations and demands following Paragraph 131 and the phrase "WHEREFORE."

Cooley LLP
Attorneys At Law
San Diego

20

Kinder Morgan's Answer To
Plaintiffs' Amended Complaint
Case No. 2:15-cv-01092-DGC

**FIFTH CAUSE OF ACTION: EJECTMENT AND/OR POSSESSORY ACTION**

132.   No response is required to Paragraph 132 because it contains legal pleading formalities and does not contain any allegation of fact.

133.   No response is required to Paragraph 133 because it contains legal pleading formalities and Plaintiffs' characterization of this action.

134.   The allegations in Paragraph 134 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and on that basis, denies them.

135.   The allegations in Paragraph 135 are legal assertions or legal conclusions to which no response is required. Further, the allegations in Paragraph 135 purport to characterize the requirements of an Arizona statute that speaks for itself.

136.   Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 regarding the Railroad's authority or permission, or that the Railroad's easement is "terminated," and on that basis, denies such allegations.   The remaining allegations in Paragraph 136 are argumentative characterizations, generalizations, legal assertions, or legal conclusions and thus Kinder Morgan denies each and every such allegation.

137.   The allegations in Paragraph 137 are argumentative characterizations, generalizations, legal assertions, legal conclusions, or misstatements of fact and thus Kinder Morgan denies each and every allegation in Paragraph 137.

138.   The allegations in Paragraph 138 are legal assertions or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 138.

139.   The allegations in Paragraph 139 are legal assertions or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and on that basis denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

21

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

140.   The allegations in Paragraph 140 are legal assertions or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan denies that Plaintiffs' "have a claim for possession of the subject real property that is superior" to that of Kinder Morgan.  Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 regarding Plaintiffs' "legal right and interest in the land under Railroad's right-of-way" or the Railroad's rights, and on that basis, denies such allegations.

141.   The allegations in Paragraph 141 are legal assertions or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan denies that it has unlawfully occupied the subsurface real property, and denies that Plaintiffs have a superior right of possession than Kinder Morgan.  Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141 and on that basis, denies such allegations.

142.   To the extent the allegations in Paragraph 142 relate to the conduct of the Railroad, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, denies them.  The allegations in Paragraph 142 are argumentative characterizations, vague legal assertions, or legal conclusions to which no response is required.  To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 142.

143.   The allegations in Paragraph 143 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 143.  The additional allegations and demands following Paragraph 143 and the phrase "WHEREFORE" are legal assertions, legal conclusions, or legal formalities to which no response is required.  To the extent a further response is required, Kinder Morgan denies the allegations and demands following Paragraph 143 and the phrase "WHEREFORE."

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

22

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

## SIXTH CAUSE OF ACTION: INVERSE CONDEMNATION

144.    No response is required to Paragraph 144 because it contains legal pleading formalities and does not contain any allegation of fact.

145.    The allegations in Paragraph 145 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and on that basis denies them.

146.    The allegations in Paragraph 146 are legal assertions or legal conclusions to which no response is required. Paragraph 146 refers to a statute, which speaks for itself. To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the powers of the Railroad.

147.    The allegations in Paragraph 147 are legal assertions or legal conclusions to which no response is required. To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 147.

148.    Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 that Kinder Morgan "entered upon the land of Plaintiffs" or that the pipeline "substantially interfered with Plaintiffs' property rights," and on that basis, denies such allegations.  Kinder Morgan admits that it or its predecessor installed, maintained, or operated its pipeline in the subsurface below the Railroad's right-of-way, but denies that it was "without permission or right" to do so. Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 regarding the conduct of the Railroad and on that basis, denies the allegations.  The remaining allegations are legal assertions or legal conclusions to which no response is required.

149.    To the extent the allegations in Paragraph 149 relate to the conduct of the Railroad, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies them.  The remaining allegations in

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

23

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

Paragraph 149 contain argumentative characterizations, generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus Kinder Morgan denies each and every such allegation.

150.   The allegations in Paragraph 150 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 related to the conduct of the Railroad, and on that basis, denies such allegations.   Kinder Morgan denies each and every remaining allegation in Paragraph 150.

151.   The allegations in Paragraph 151 are vague legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151, and on that basis, denies such allegations.

152.   The allegations in Paragraph 152 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 152.

153.   The allegations in Paragraph 153 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 153.   The additional allegations and demands following Paragraph 153 and the phrase "WHEREFORE" are legal assertions, legal conclusions, or legal formalities to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations and demands following Paragraph 153 and the phrase "WHEREFORE."

## SEVENTH CAUSE OF ACTION

### (TO RECOVER RENTS OR FOR THE USE OF REAL PROPERTY)

154.   No response is required to Paragraph 154 because it contains legal pleading formalities and does not contain any allegation of fact.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

24

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

155.   To the extent the allegations in Paragraph 155 relate to the conduct of the Railroad, Kinder Morgan lacks knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies them.   Kinder Morgan avers that there are instances where it or its predecessor has obtained permission from, or entered into agreements with, persons or entities apart from the Railroad to enter the subsurface of the Railroad's right-of-way.   Kinder Morgan denies any remaining allegations in Paragraph 155.

156.   The allegations in Paragraph 156 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 156.   The additional allegations and demands following Paragraph 156 and the phrase "WHEREFORE" are legal assertions, legal conclusions, or legal formalities to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations and demands following Paragraph 156 and the phrase "WHEREFORE."

## EIGHTH CAUSE OF ACTION

### (ACCOUNTING)

157.   No response is required to Paragraph 157 because it contains legal pleading formalities and does not contain any allegation of fact.

158.   The allegations in Paragraph 158 contain argumentative characterizations, generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus Kinder Morgan denies each and every allegation in Paragraph 158.

159.   The allegations in Paragraph 159 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 159.

160.   The allegations in Paragraph 160 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 160.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

25

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

161.   The allegations in Paragraph 161 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 161.

162.   The allegations in Paragraph 162 contain argumentative characterizations, generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus Kinder Morgan denies each and every allegation in Paragraph 162.

163.   Kinder Morgan admits that its predecessor and the Railroad's predecessor were sister subsidiaries of Southern Pacific Corporation.   The remaining allegations in Paragraph 163 contain argumentative characterizations, generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus Kinder Morgan denies each and every such allegation.

164.   Kinder Morgan admits that it or its predecessor has paid rent and continues to pay rent to the Railroad or its predecessor.   The remaining allegations in Paragraph 164 contain argumentative characterizations, generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus Kinder Morgan denies each and every such allegation.

165.   The allegations in Paragraph 165 contain argumentative characterizations, generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus Kinder Morgan denies each and every allegation in Paragraph 165.

166.   The allegations in Paragraph 166 contain argumentative characterizations, generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus Kinder Morgan denies each and every allegation in Paragraph 166.

167.   The allegations in Paragraph 167 contain argumentative characterizations, generalizations, legal assertions, legal conclusions, or misrepresentations of fact and thus Kinder Morgan denies each and every allegation in Paragraph 167.

168.   The allegations in Paragraph 168 are legal assertions or legal conclusions to which no response is required.   To the extent a further response is required, Kinder Morgan denies the allegations in Paragraph 168.   The additional allegations and demands

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

26

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

following Paragraph 168 and the phrase "WHEREFORE" are legal assertions, legal conclusions, or legal formalities to which no response is required.  To the extent a further response is required, Kinder Morgan denies the allegations and demands following Paragraph 168 and the phrase "WHEREFORE."

## PRAYER FOR RELIEF

Kinder Morgan denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## DENIAL OF ALL REMAINING ALLEGATIONS

To the extent any allegation in the Amended Complaint remains unanswered, Kinder Morgan denies each and every such allegation.

## KINDER MORGAN'S AFFIRMATIVE OR ADDITIONAL DEFENSES

As further and separate answer to the Amended Complaint, Kinder Morgan asserts the following affirmative or additional defenses to each and every cause of action set forth in the Amended Complaint:

1. Plaintiffs fail to state a claim on which relief can be granted.

2. Plaintiffs' claims are barred by the doctrine of waiver.

3. Plaintiffs' claims are barred by the doctrine of estoppel.

4. Plaintiffs' claims are barred by the doctrine of laches.

5. Plaintiffs' claims are barred by the applicable statute(s) of limitations.

6. Plaintiffs' claims are barred because Plaintiffs lack standing to bring the Amended Complaint or assert the claims therein.

7. Plaintiffs' claims are barred because Kinder Morgan was justified in doing any and/or all of the acts alleged, if Kinder Morgan did any or all of the acts alleged.

8. Plaintiffs' claims are barred by the doctrine of unclean hands.

9. Plaintiffs' claims have been released.

10. Plaintiffs' claims are reduced by full or partial payment.

11. Plaintiffs' claims are barred because of ratification, agreement, acquiescence, or consent.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

27

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

12.     Plaintiffs' claims fail for lack of damages or injury.

13.     Plaintiffs' equitable claims are barred, in whole or in part, because of and to the extent there is an adequate remedy at law.

14.     Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' failure to join all necessary and/or indispensable parties in this action.

15.     Plaintiffs' alleged damages, if any, were not proximately caused by Kinder Morgan.

16.     Kinder Morgan provides an essential public utility service and has the power of eminent domain or condemnation, and as such, Plaintiffs' claims are barred.

17.     Plaintiffs have no basis for their claims for exemplary damages, punitive damages, disgorgement, accounting, prejudgment interest, attorney's fees, or costs in their prayer for relief and therefore such claims should be stricken.

18.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of prescription (prescriptive easement).

19.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of adverse possession.

20.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their alleged damages.

21.     If Plaintiffs sustained damages, which Kinder Morgan specifically denies, Plaintiffs' claims are barred, in whole or in part, because the conduct, actions, or omissions of other persons or entities, over which Kinder Morgan had no control, caused or contributed to Plaintiffs' alleged damages.

22.     To the extent Plaintiffs seek exemplary or punitive damages, the Amended Complaint fails to allege facts sufficient to entitle Plaintiffs to an award of exemplary or punitive damages.

23.     To the extent Plaintiffs seek exemplary or punitive damages, their claims are barred by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the Arizona Constitution.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

28

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC

24.     Plaintiffs' claims are barred, in whole or in part, by the Commerce Clause of the United States Constitution because they purport to regulate interstate commerce and impermissibly place an undue burden on interstate commerce.

25.     If Plaintiffs sustained injuries or damages as alleged, which Kinder Morgan denies, their injuries or damages were the result of intervening and/or superseding causes, and not as a result of acts or omissions of Kinder Morgan.

26.     Plaintiffs are not real parties in interest because, on information and belief, their predecessors in purported title did not own and/or could not convey any interest to them in the subsurface of the Railroad's right-of-way.

27.     Plaintiffs' claims are barred, in whole or in part, because Kinder Morgan's actions were authorized by the terms of a valid express/implied easement.

28.     Kinder Morgan hereby incorporates by reference any affirmative defense that any other Defendant pleads in this action to the extent the affirmative defense applies to any claim against Kinder Morgan in whole or in part.

29.     Kinder Morgan reserves the right to assert additional affirmative or other defenses as they may become apparent during discovery or other proceedings in this case.

WHEREFORE, Kinder Morgan respectfully requests that the Court dismiss the Amended Complaint with prejudice and award Kinder Morgan the costs and expenses that it incurs in having to defend this matter including, but not limited to, reasonable attorney's fees, and such other and further relief as the Court deems proper.

WHEREFORE, Kinder Morgan respectfully request that this Court:

1. Enter judgment against Plaintiffs and in favor of Kinder Morgan;

2. Dismiss the Amended Complaint in its entirety, with prejudice;

3. Decline to award Plaintiffs the requested relief, or any relief whatsoever;

4. Award Kinder Morgan its costs and reasonable attorney's fees incurred in this action; and

5. Grant such other and further relief as the Court may deem just and proper.

Cooley LLP
Attorneys At Law
San Diego

29

Kinder Morgan's Answer To
Plaintiffs' Amended Complaint
Case No. 2:15-cv-01092-DGC

Dated:  January 10, 2018                COOLEY LLP


                                        /s/ M. Ray Hartman III
                                        Steven M. Strauss (*Admitted Pro Hac Vice*)
                                        M. Ray Hartman III (*Admitted Pro Hac Vice*)
                                        Summer J. Wynn (*Admitted Pro Hac Vice*)
                                        Catherine J. O'Connor (*Admitted Pro Hac Vice*)

                                        Attorneys for Defendants
                                        SFPP, L.P., Kinder Morgan Operating L.P.
                                        "D," and Kinder Morgan G.P., Inc.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

30

KINDER MORGAN'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
CASE NO. 2:15-CV-01092-DGC