1   STEVEN M. STRAUSS (*Admitted Pro Hac Vice*)
    (sms@cooley.com)
2   M. RAY HARTMAN III (*Admitted Pro Hac Vice*)
    (rhartman@cooley.com)
3   SUMMER J. WYNN (*Admitted Pro Hac Vice*)
    (swynn@cooley.com)
4   CATHERINE J. O'CONNOR (*Admitted Pro Hac Vice*)
    (coconnor@cooley.com)
5   4401 Eastgate Mall
    San Diego, CA  92121
6   Telephone:    (858) 550-6000
    Facsimile:    (858) 550-6420
7
8   Attorneys for Defendants/Counterclaimants
    SFPP, L.P., Kinder Morgan Operating L.P. "D", and
    Kinder Morgan G.P., Inc.
9

10              IN THE UNITED STATES DISTRICT COURT

11               FOR THE DISTRICT OF ARIZONA

12

13  Gordon H. Earhart, trustee of the Earhart       LEAD CASE NO. 2:15-cv-01092-DGC
    Family Revocable Trust, Rudy T.
14  Escalante and Laurie B. Escalante, Patricia     (Consolidated with Case No. 2:17-cv-
    Miller and Jeffrey Miller, Linda Martinez,      03099-DGC)
15  Scott Hurst, Mark Blosser, Janie
    Hernandez, Petra R. Lopez, and Raymond          **KINDER MORGAN'S COUNTERCLAIM**
16  Vice and Barbara Vice,
                                                    **JURY TRIAL DEMANDED**
17                  Plaintiffs,
                                                    Honorable David G. Campbell
18       v.

19  Union Pacific Railroad Company,
    successor to Southern Pacific
20  Transportation Company, SFPP, L.P.
    (formerly known as Santa Fe Pacific
21  Pipelines, Inc., formerly known as
    Southern Pacific Pipelines, Inc.), Kinder
22  Morgan Operating L.P. "D", and Kinder
    Morgan G.P., Inc.,
23
                    Defendants.
24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

SFPP, L.P.; Kinder Morgan Operating
L.P. "D"; and Kinder Morgan G.P., Inc.,

          Counterclaimants,

    v.

Gordon H. Earhart, trustee of the Earhart
Family Revocable Trust; Rudy T.
Escalante and Laurie B. Escalante; Patricia
Miller and Jeffrey Miller; Linda Martinez;
Scott Hurst; Mark Blosser; Janie
Hernandez; Petra R. Lopez; and Raymond
Vice and Barbara Vice,

          Counterclaim
          Defendants.

Defendants/Counterclaimants SFPP, L.P., Kinder Morgan Operating L.P. "D," and Kinder Morgan G.P., Inc. (collectively, "Kinder Morgan" or "Pipeline") allege as follows:

### JURISDICTION AND VENUE

1. This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a), because the claims asserted in this Counterclaim are so related to the claims in the Amended Complaint that they form the same case or controversy.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the real property at issue is located in the State of Arizona and because a substantial part of the events giving rise to this Counterclaim occurred in the State of Arizona.

### PARTIES

3. SFPP, L.P. ("SFPP") is a Delaware limited partnership, with its principal place of business in Orange, California. SFPP is the successor entity to Santa Fe Pacific Pipelines, Inc. and Southern Pacific Pipe lines, Inc.

4. Kinder Morgan Operating L.P. "D" is a Delaware limited partnership, with its principal place of business in Houston, Texas.

5. Kinder Morgan G.P., Inc. is a Delaware corporation, with its principal place of business in Houston, Texas.

6. Upon information and belief, Gordon H. Earhart, trustee of the Earhart Family Revocable Trust ("Earhart") claims to be the owner of property identified by tax parcel number 21728001K and located in Pima County, Arizona. Earhart claims that this property adjoins Union Pacific Railroad Company's ("Union Pacific" or "Railroad") right-of-way underneath which Earhart claims Kinder Morgan's pipeline was installed and is operating (the "Pima Subsurface Property I").

7. Upon information and belief, Rudy T. Escalante and Laurie B. Escalante (the "Escalantes"), claim to be the owners of property identified by tax parcel number 40215032A and located in Pinal County, Arizona. The Escalantes claim that this property adjoins Union Pacific's right-of-way underneath which the Escalantes claim Kinder Morgan's pipeline was installed and is operating (the "Pinal Subsurface Property I").

8.      Upon information and belief, Patricia Miller and Jeffrey Miller (the "Millers") claim to be the owners of property identified by tax parcel number 221360070 and located in Pima County, Arizona.  The Millers claim that this property adjoins Union Pacific's right-of-way underneath which the Millers claim Kinder Morgan's pipeline was installed and is operating (the "Pima Subsurface Property II").

9.      Upon information and belief, Linda Martinez ("Martinez") claims to be the owner of property identified by tax parcel number 405020500 and located in Pinal County, Arizona.  Martinez claims that this property adjoins Union Pacific's right-of-way underneath which Martinez claims Kinder Morgan's pipeline was installed and is operating (the "Pinal Subsurface Property II").

10.      Upon information and belief, Scott Hurst ("Hurst") claims to be the owner of property identified by tax parcel number 50444020S and located in Maricopa County, Arizona.  Hurst claims that this property adjoins Union Pacific's right-of-way underneath which Hurst claims Kinder Morgan's pipeline was installed and is operating (the "Maricopa Subsurface Property I").

11.      Upon information and belief, Mark Blosser ("Blosser") claims to be the owner of property identified by tax parcel number 41002001A and located in Pinal County, Arizona.  Blosser claims that this property adjoins Union Pacific's right-of-way underneath which Blosser claims Kinder Morgan's pipeline was installed and is operating (the "Pinal Subsurface Property III").

12.      Upon information and belief, Janie Hernandez ("Hernandez") claims to be the owner of property identified by tax parcel number 405020560 and located in Pinal County, Arizona.   Hernandez claims that this property adjoins Union Pacific's right-of-way underneath which Hernandez claims Kinder Morgan's pipeline was installed and is operating (the "Pinal Subsurface Property IV").

13.      Upon information and belief, Petra R. Lopez ("Lopez") claims to be the owner of property identified by tax parcel number 50444019C and located in Maricopa County, Arizona.  Lopez claims that this property adjoins Union Pacific's right-of-way underneath

which Lopez claims Kinder Morgan's pipeline was installed and is operating (the "Maricopa Subsurface Property II").

14.    Upon information and belief, Raymond Vice and Barbara Vice (the "Vices") claims to be the owners of property identified by tax parcel number 405032910 and located in Pinal County, Arizona.  The Vices claim that this property adjoins Union Pacific's right-of-way underneath which the Vices claim Kinder Morgan's pipeline was installed and is operating (the "Pinal Subsurface Property V").

15.    Earhart, the Escalantes, the Millers, Martinez, Hurst, Blosser, Hernandez, Lopez, and the Vices are collectively referred to as "Plaintiffs/Counterclaim Defendants."

GENERAL ALLEGATIONS

16.    Kinder Morgan's pipelines transport natural gas, refined petroleum products, crude oil, carbon dioxide (CO2), and other products.  The pipelines function like a toll road allowing major oil companies, energy producers and shippers, and local distributors across many industries to transport fundamental energy products throughout the United States. Indeed, in many geographical areas, Kinder Morgan's pipelines deliver all of the refined petroleum products used by the public.  Additionally, numerous military bases and facilities receive their gasoline and jet fuel from Kinder Morgan's pipelines.  Transportation of these energy products is a critical public service, which is under the jurisdiction of the Department of Transportation and the Federal Energy Regulatory Commission ("FERC"), among others.

17.    Beginning in the 1950s, the Pipeline's predecessors installed subsurface pipelines underneath the Railroad's right-of-way, including in the State of Arizona.

18.    In the Amended Complaint, Plaintiffs/Counterclaim Defendants allege that, pursuant to the 1875 Act of Congress, Union Pacific "has and had no legal rights whatsoever to occupy the subsurface or to grant subsurface easements for purposes of constructing or operating the pipeline." (Compl. ¶ 32.)  Plaintiffs/Counterclaim Defendants allege that they "are fee owners of the real property that runs adjacent to the railroad bed owned by the Railroad and beneath the Railroad's right-of-way to the center line of the right-of-way, including land within which the pipeline was installed and is operated."  (*Id.* ¶ 51.)

Plaintiffs/Counterclaim Defendants allege that "[t]he Pipeline, without compensation or permission, used the Plaintiffs' subsurface land by installing its pipeline on their property." (*Id.* ¶ 53.)

19.     Kinder Morgan maintains surface pipeline markers which identify the location of its pipelines.  The pipeline markers are located on the surface along the pipeline path, and at road and railroad crossings.  The pipeline markers identify areas where there is pipeline in the subsurface, and also give Kinder Morgan's name and contact information.

20.     Pursuant to federal pipeline safety regulations, Kinder Morgan maintains a public awareness program to provide information regarding its pipelines to persons or entities along Kinder Morgan's pipeline (the "Affected Public").  As part of this program, Kinder Morgan causes targeted mailings to be sent to the Affected Public on behalf of Kinder Morgan.  The mailings include, among other things, information about how to find the location of a pipeline.

21.     The existence of Kinder Morgan's pipeline is also publicized on publicly available media concerning the existence and operation of the pipeline, including through the National Pipeline Mapping System located at www.npms.phmsa.dot.gov.

22.     Plaintiffs/Counterclaim Defendants were aware of the existence of the pipeline long before filing this lawsuit.

**ALLEGATIONS SPECIFIC TO EARHART**

23.     On or about July 12, 1955, Earhart or Earhart's predecessor may have granted to Kinder Morgan's predecessor, Southern Pacific Pipe Lines, Inc., and its successors and assigns, including Kinder Morgan, a right-of-way and easement "to construct, maintain and operate a pipe line and appurtenances," on property located in Pima County, Arizona situated in "[t]hat part of the 200 foot Southern Pacific Railroad right-of-way located in Section 22, Township 12 South, Range 12 East" (the "Earhart Easement Agreement I").

24.     The rights granted to Kinder Morgan under the Earhart Easement Agreement I were expressly made "covenants running with the title to said lands," and declared to be "binding upon Grantor, his heirs, legal representatives and successors in title."  A copy of the

Earhart Easement Agreement I is attached hereto as **Exhibit A** and incorporated herein by reference.

<div align="center">

**ALLEGATIONS SPECIFIC TO HURST**

</div>

25.    On or about July 17, 1955, Hurst or Hurst's predecessor may have granted to Kinder Morgan's predecessor, Southern Pacific Pipe Lines, Inc., and its successors and assigns, including Kinder Morgan, a right-of-way and easement "to construct, maintain and operate a pipe line and appurtenances," on property located in Maricopa County, Arizona situated in "[t]hat portion of the Northeast quarter of the Northeast quarter [of Section 35, Township 1 North, Range 3 West] which lies within the Right of Way of the [] Railroad" (the "Hurst Easement Agreement I").

26.    The rights granted to Kinder Morgan under the Hurst Easement Agreement I were expressly made "covenants running with the title to said lands," and declared to be "binding upon Grantor, his heirs, legal representatives and successors in title."  A copy of the Hurst Easement Agreement I is attached hereto as **Exhibit B** and incorporated herein by reference.

<div align="center">

**ALLEGATIONS SPECIFIC TO BLOSSER**

</div>

27.    On or about July 28, 1955, Blosser or Blosser's predecessor may have granted to Kinder Morgan's predecessor, Southern Pacific Pipe Lines, Inc., and its successors and assigns, including Kinder Morgan, a right-of-way and easement "to construct, maintain and operate a pipe line and appurtenances," on property located in Pinal County, Arizona situated in "the Southeast ¼ of the Southeast ¼ of Section 4, Township 9 South, Range 9 East" (the "Blosser Easement Agreement I").

28.    The rights granted to Kinder Morgan under the Blosser Easement Agreement I were expressly made "covenants running with the title to said lands," and declared to be "binding upon Grantor, his heirs, legal representatives and successors in title."  A copy of the Blosser Easement Agreement I is attached hereto as **Exhibit C** and incorporated herein by reference.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Relief Against Earhart)**

29.     Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

30.     An actual controversy has arisen and now exists between Kinder Morgan and Earhart concerning the parties' respective rights and ownership interests in the Pima Subsurface Property I.

31.     Kinder Morgan contends that Earhart has no right, title, or interest in the Pima Subsurface Property I.

32.     Kinder Morgan is informed and believes that Earhart contends that he is the fee owner of the Pima Subsurface Property I.

33.     Alternatively, Kinder Morgan contends that it has permission to construct, maintain, and operate its pipeline and appurtenances in the Pima Subsurface Property I pursuant to the Earhart Easement Agreement I.

34.     Alternatively, Kinder Morgan contends that it has acquired an easement by prescription in the Pima Subsurface Property I and is entitled to continue its use of the Pima Subsurface Property I.

35.     Kinder Morgan is informed and believes that Earhart disputes these contentions, that Earhart claims that he is the fee owner of the Pima Subsurface Property I, and that Earhart claims that Kinder Morgan is using the Pima Subsurface Property I without his permission or compensation, notwithstanding the existence of the Earhart Agreement I.

36.     Kinder Morgan further contends that Earhart or his predecessors have known or should have known, for years, facts that would have caused a reasonable person to become aware of the existence of Kinder Morgan's pipeline in the Pima Subsurface Property I.

37.     Kinder Morgan is informed and believes that Earhart disputes these contentions.

38.     Kinder Morgan Further contends that it has permission to construct, maintain, and operate its pipeline and appurtenances in the property described in the Earhart

Agreement I as situated in "[t]hat part of the 200 foot Southern Pacific Railroad right-of-way located in Section 22, Township 12 South, Range 12 East."

39.     It is within this Court's authority to resolve these controversies pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

40.     Kinder Morgan has no adequate remedy at law, and therefore seeks a judicial determination that:

a)     Earhart has no right, title, or interest in the Pima Subsurface Property I;

b)     Kinder Morgan has permission to construct, maintain, and operate its pipeline and appurtenances in the Pima Subsurface Property I pursuant to the Earhart Agreement I;

c)     Kinder Morgan has acquired an easement by prescription in the Pima Subsurface Property I such that it has the right to operate and maintain its pipeline in the Pima Subsurface Property I, without payment to or permission from Earhart; and

d)     Kinder Morgan has permission to construct, maintain, and operate is pipeline and appurtenances in the property described in the Earhart Agreement I as situated in "[t]hat part of the 200 foot Southern Pacific Railroad right-of-way located in Section 22, Township 12 South, Range 12 East" and incorporated by reference as though set forth herein.

41.     The judicial declarations sought are necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations with respect to the Pima Subsurface Property I, and the additional property described in the Earhart Agreement I.

### SECOND CLAIM FOR RELIEF

### (Quiet Title – Easement By Prescription Against Earhart)

42.     Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

43.     Kinder Morgan has acquired rights of use in the Pima Subsurface Property I by virtue of the doctrine of easement by prescription in that:

a)      Kinder Morgan, or its predecessors in interest, has possessed and occupied the Pima Subsurface Property I continuously and without interruption for more than ten years;

b)      Kinder Morgan's use of the Pima Subsurface Property I began and has continued under a claim that was inconsistent with and hostile to the claims of Earhart; and

c)      Kinder Morgan has actually and visibly occupied and possessed the Pima Subsurface Property I by, among other things, maintaining markers along the surface above the Pima Subsurface Property I, maintaining visible above-ground facilities near the Pima Subsurface Property I, causing its employees to regularly walk along the right-of-way near the Pima Subsurface Property I.

44.     Earhart has asserted a purported legal claim and title to the Pima Subsurface Property I, which is adverse to Kinder Morgan's interest in the Pima Subsurface Property I.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Relief Against The Escalantes)**

45.     Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

46.     An actual controversy has arisen and now exists between Kinder Morgan and the Escalantes concerning the parties' respective rights and ownership interests in the Pinal Subsurface Property I.

47.     Kinder Morgan contends that the Escalantes have no right, title, or interest in the Pinal Subsurface Property I.

48.     Kinder Morgan is informed and believes that the Escalantes contend that they are the fee owners of the Pinal Subsurface Property I.

49.     Alternatively, Kinder Morgan contends that it has acquired an easement by prescription in the Pinal Subsurface Property I and is entitled to continue its use of the Pinal Subsurface Property I.

50.     Kinder Morgan is informed and believes that the Escalantes dispute these contentions, that the Escalantes claim that they are the fee owners of the Pinal Subsurface

Property I, and that the Escalantes claim that Kinder Morgan is using the Pinal Subsurface Property I without their permission or compensation.

51.     Kinder Morgan further contends that the Escalantes or their predecessors have known or should have known, for years, facts that would have caused a reasonable person to become aware of the existence of Kinder Morgan's pipeline in the Pinal Subsurface Property I.

52.     Kinder Morgan is informed and believes that the Escalantes dispute these contentions.

53.     It is within this Court's authority to resolve these controversies pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

54.     Kinder Morgan has no adequate remedy at law, and therefore seeks a judicial determination that:

a)     The Escalantes have no right, title, or interest in the Pinal Subsurface Property I; and

b)     Kinder Morgan has acquired an easement by prescription in the Pinal Subsurface Property I such that it has the right to operate and maintain its pipeline in the Pinal Subsurface Property I, without payment to or permission from the Escalantes.

55.     The judicial declarations sought are necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations with respect to the Pinal Subsurface Property I.

### FOURTH CLAIM FOR RELIEF

### (Quiet Title – Easement By Prescription Against The Escalantes)

56.     Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

57.     Kinder Morgan has acquired rights of use in the Pinal Subsurface Property I by virtue of the doctrine of easement by prescription in that:

a)      Kinder Morgan, or its predecessors in interest, has possessed and occupied the Pinal Subsurface Property I continuously and without interruption for more than ten years;

b)      Kinder Morgan's use of the Pinal Subsurface Property I began and has continued under a claim that was inconsistent with and hostile to the claims of the Escalantes; and

c)      Kinder Morgan has actually and visibly occupied and possessed the Pinal Subsurface Property I by, among other things, maintaining markers along the surface above the Pinal Subsurface Property I, maintaining visible above-ground facilities near the Pinal Subsurface Property I, causing its employees to regularly walk along the right-of-way near the Pinal Subsurface Property I.

58.      The Escalantes have asserted a purported legal claim and title to the Pinal Subsurface Property I, which is adverse to Kinder Morgan's interest in the Pinal Subsurface Property I.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Relief Against The Millers)

59.      Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

60.      An actual controversy has arisen and now exists between Kinder Morgan and the Millers concerning the parties' respective rights and ownership interests in the Pima Subsurface Property II.

61.      Kinder Morgan contends that the Millers have no right, title, or interest in the Pima Subsurface Property II.

62.      Kinder Morgan is informed and believes that the Millers contend that they are the fee owners of the Pima Subsurface Property II.

63.      Alternatively, Kinder Morgan contends that it has acquired an easement by prescription in the Pima Subsurface Property II and is entitled to continue its use of the Pima Subsurface Property II.

64.     Kinder Morgan is informed and believes that the Millers dispute these contentions, that the Millers claim that they are the fee owners of the Pima Subsurface Property II, and that the Millers claim that Kinder Morgan is using the Pima Subsurface Property II without their permission or compensation.

65.     Kinder Morgan further contends that the Millers or their predecessors have known or should have known, for years, facts that would have caused a reasonable person to become aware of the existence of Kinder Morgan's pipeline in the Pima Subsurface Property II.

66.     Kinder Morgan is informed and believes that the Millers dispute these contentions.

67.     It is within this Court's authority to resolve these controversies pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

68.     Kinder Morgan has no adequate remedy at law, and therefore seeks a judicial determination that:

        a)      The Millers have no right, title, or interest in the Pima Subsurface Property II; and

        b)      Kinder Morgan has acquired an easement by prescription in the Pima Subsurface Property II such that it has the right to operate and maintain its pipeline in the Pima Subsurface Property II, without payment to or permission from the Millers.

69.     The judicial declarations sought are necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations with respect to the Pima Subsurface Property II.

## SIXTH CLAIM FOR RELIEF

### (Quiet Title – Easement By Prescription Against The Millers)

70.     Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

71.     Kinder Morgan has acquired rights of use in the Pima Subsurface Property II by virtue of the doctrine of easement by prescription in that:

a)     Kinder Morgan, or its predecessors in interest, has possessed and occupied the Pima Subsurface Property II continuously and without interruption for more than ten years;

b)     Kinder Morgan's use of the Pima Subsurface Property II began and has continued under a claim that was inconsistent with and hostile to the claims of the Millers; and

c)     Kinder Morgan has actually and visibly occupied and possessed the Pima Subsurface Property II by, among other things, maintaining markers along the surface above the Pima Subsurface Property II, maintaining visible above-ground facilities near the Pima Subsurface Property II, causing its employees to regularly walk along the right-of-way near the Pima Subsurface Property II.

72.     The Millers have asserted a purported legal claim and title to the Pima Subsurface Property II, which is adverse to Kinder Morgan's interest in the Pima Subsurface Property II.

## SEVENTH CLAIM FOR RELIEF

## (Declaratory Relief Against Martinez)

73.     Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

74.     An actual controversy has arisen and now exists between Kinder Morgan and Martinez concerning the parties' respective rights and ownership interests in the Pinal Subsurface Property II.

75.     Kinder Morgan contends that Martinez has no right, title, or interest in the Pinal Subsurface Property II.

76.     Kinder Morgan is informed and believes that Martinez contends that she is the fee owner of the Pinal Subsurface Property II.

77.     Alternatively, Kinder Morgan contends that it has acquired an easement by prescription in the Pinal Subsurface Property II and is entitled to continue its use of the Pinal Subsurface Property II.

78.     Kinder Morgan is informed and believes that Martinez disputes these contentions, that Martinez claims that she is the fee owner of the Pinal Subsurface Property II, and that Martinez claims that Kinder Morgan is using the Pinal Subsurface Property II without her permission or compensation.

79.     Kinder Morgan further contends that Martinez or her predecessors have known or should have known, for years, facts that would have caused a reasonable person to become aware of the existence of Kinder Morgan's pipeline in the Pinal Subsurface Property II.

80.     Kinder Morgan is informed and believes that Martinez disputes these contentions.

81.     It is within this Court's authority to resolve these controversies pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

82.     Kinder Morgan has no adequate remedy at law, and therefore seeks a judicial determination that:

a)     Martinez has no right, title, or interest in the Pinal Subsurface Property II; and

b)     Kinder Morgan has acquired an easement by prescription in the Pinal Subsurface Property II such that it has the right to operate and maintain its pipeline in the Pinal Subsurface Property II, without payment to or permission from Martinez.

83.     The judicial declarations sought are necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations with respect to the Pinal Subsurface Property II.

## EIGHTH CLAIM FOR RELIEF

### (Quiet Title – Easement By Prescription Against Martinez)

84.     Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

85.     Kinder Morgan has acquired rights of use in the Pinal Subsurface Property II by virtue of the doctrine of easement by prescription in that:

a)      Kinder Morgan, or its predecessors in interest, has possessed and occupied the Pinal Subsurface Property II continuously and without interruption for more than ten years;

b)      Kinder Morgan's use of the Pinal Subsurface Property II began and has continued under a claim that was inconsistent with and hostile to the claims of Martinez; and

c)      Kinder Morgan has actually and visibly occupied and possessed the Pinal Subsurface Property II by, among other things, maintaining markers along the surface above the Pinal Subsurface Property II, maintaining visible above-ground facilities near the Pinal Subsurface Property II, causing its employees to regularly walk along the right-of-way near the Pinal Subsurface Property II.

86.      Martinez has asserted a purported legal claim and title to the Pinal Subsurface Property II, which is adverse to Kinder Morgan's interest in the Pinal Subsurface Property II.

## NINTH CLAIM FOR RELIEF

## (Declaratory Relief Against Hurst)

87.      Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

88.      An actual controversy has arisen and now exists between Kinder Morgan and Hurst concerning the parties' respective rights and ownership interests in the Maricopa Subsurface Property I.

89.      Kinder Morgan contends that Hurst has no right, title, or interest in the Maricopa Subsurface Property I.

90.      Kinder Morgan is informed and believes that Hurst contends that he is the fee owner of the Maricopa Subsurface Property I.

91.      Alternatively, Kinder Morgan contends that it has permission to construct, maintain, and operate its pipeline and appurtenances in the Maricopa Subsurface Property I pursuant to the Hurst Easement Agreement I.

92.     Alternatively, Kinder Morgan contends that it has acquired an easement by prescription in the Maricopa Subsurface Property I and is entitled to continue its use of the Maricopa Subsurface Property I.

93.     Kinder Morgan is informed and believes that Hurst disputes these contentions, that Hurst claims that he is the fee owner of the Maricopa Subsurface Property I, and that Hurst claims that Kinder Morgan is using the Maricopa Subsurface Property I without his permission or compensation, notwithstanding the existence of the Hurst Easement Agreement I.

94.     Kinder Morgan further contends that Hurst or his predecessors have known or should have known, for years, facts that would have caused a reasonable person to become aware of the existence of Kinder Morgan's pipeline in the Maricopa Subsurface Property I.

95.     Kinder Morgan is informed and believes that Hurst disputes these contentions.

96.     Kinder Morgan further contends that it has permission to construct, maintain, and operate its pipeline and appurtenances in the property described in the Hurst Agreement I as situated in "[t]hat portion of the Northeast quarter of the Northeast quarter [of Section 35, Township 1 North, Range 3 West] which lies within the Right of Way of the [] Railroad."

97.     It is within this Court's authority to resolve these controversies pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

98.     Kinder Morgan has no adequate remedy at law, and therefore seeks a judicial determination that:

a)     Hurst has no right, title, or interest in the Maricopa Subsurface Property I;

b)     Kinder Morgan has permission to construct, maintain, and operate its pipeline and appurtenances in the Maricopa Subsurface Property I pursuant to the Hurst Agreement I;

c)     Alternatively, Kinder Morgan has acquired an easement by prescription in the Maricopa Subsurface Property I such that it has the right to operate and maintain its

pipeline in the Maricopa Subsurface Property I, without payment to or permission from Hurst; and

d)     Kinder Morgan has permission to construct, maintain, and operate its pipeline and appurtenances in the property described in the Hurst Easement Agreement I as situated in "[t]hat portion of the Northeast quarter of the Northeast quarter [of Section 35, Township 1 North, Range 3 West] which lies within the Right of Way of the [] Railroad."

99.     The judicial declarations sought are necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations with respect to the Maricopa Subsurface Property I, and the additional property described in the Hurst Easement Agreement I.

<div align="center">

**TENTH CLAIM FOR RELIEF**

**(Quiet Title – Easement By Prescription Against Hurst)**

</div>

100.     Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

101.     Kinder Morgan has acquired rights of use in the Maricopa Subsurface Property I by virtue of the doctrine of easement by prescription in that:

a)     Kinder Morgan, or its predecessors in interest, has possessed and occupied the Maricopa Subsurface Property I continuously and without interruption for more than ten years;

b)     Kinder Morgan's use of the Maricopa Subsurface Property I began and has continued under a claim that was inconsistent with and hostile to the claims of Hurst; and

c)     Kinder Morgan has actually and visibly occupied and possessed the Maricopa Subsurface Property I by, among other things, maintaining markers along the surface above the Maricopa Subsurface Property I, maintaining visible above-ground facilities near the Maricopa Subsurface Property I, causing its employees to regularly walk along the right-of-way near the Maricopa Subsurface Property I.

102.    Hurst has asserted a purported legal claim and title to the Maricopa Subsurface Property I, which is adverse to Kinder Morgan's interest in the Maricopa Subsurface Property I.

### ELEVENTH CLAIM FOR RELIEF

### (Declaratory Relief Against Blosser)

103.    Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

104.    An actual controversy has arisen and now exists between Kinder Morgan and Blosser concerning the parties' respective rights and ownership interests in the Pinal Subsurface Property III.

105.    Kinder Morgan contends that Blosser has no right, title, or interest in the Pinal Subsurface Property III.

106.    Kinder Morgan is informed and believes that Blosser contends that he is the fee owner of the Pinal Subsurface Property III.

107.    Alternatively, Kinder Morgan contends that it has permission to construct, maintain, and operate its pipeline and appurtenances in the Pinal Subsurface Property III pursuant to the Blosser Agreement I.

108.    Alternatively, Kinder Morgan contends that it has acquired an easement by prescription in the Pinal Subsurface Property III and is entitled to continue its use of the Pinal Subsurface Property III.

109.    Kinder Morgan is informed and believes that Blosser disputes these contentions, that Blosser claims that he is the fee owner of the Pinal Subsurface Property III, and that Blosser claims that Kinder Morgan is using the Pinal Subsurface Property III without his permission or compensation, notwithstanding the existence of the Blosser Agreement I.

110.    Kinder Morgan further contends that Blosser or his predecessors have known or should have known, for years, facts that would have caused a reasonable person to become aware of the existence of Kinder Morgan's pipeline in the Pinal Subsurface Property III.

111.   Kinder Morgan is informed and believes that Blosser disputes these contentions.

112.   Kinder Morgan further contends that it has permission to construct, maintain, and operate its pipeline and appurtenances in the property described in the Blosser Agreement I as situated in "the Southeast ¼ of the Southeast ¼ of Section 4, Township 9 South, Range 9 East."

113.   It is within this Court's authority to resolve these controversies pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

114.   Kinder Morgan has no adequate remedy at law, and therefore seeks a judicial determination that:

        a)   Blosser has no right, title, or interest in the Pinal Subsurface Property III;

        b)   Kinder Morgan has permission to construct, maintain, and operate its pipeline and appurtenances in the Pinal Subsurface Property III pursuant to Blosser Agreement I;

        c)   Kinder Morgan has acquired an easement by prescription in the Pinal Subsurface Property III such that it has the right to operate and maintain its pipeline in the Pinal Subsurface Property III, without payment to or permission from Blosser; and

        d)   Kinder Morgan has permission to construct, maintain, and operate its pipeline and appurtenances in the property described in the Blosser Agreement I as situated in "the Southeast ¼ of the Southeast ¼ of Section 4, Township 9 South, Range 9 East."

115.   The judicial declarations sought are necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations with respect to the Pinal Subsurface Property III, and the additional property described in the Blosser Agreement I.

**TWELFTH CLAIM FOR RELIEF**

**(Quiet Title – Easement By Prescription Against Blosser)**

116.   Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

117.   Kinder Morgan has acquired rights of use in the Pinal Subsurface Property III by virtue of the doctrine of easement by prescription in that:

a)   Kinder Morgan, or its predecessors in interest, has possessed and occupied the Pinal Subsurface Property III continuously and without interruption for more than ten years;

b)   Kinder Morgan's use of the Pinal Subsurface Property III began and has continued under a claim that was inconsistent with and hostile to the claims of Blosser; and

c)   Kinder Morgan has actually and visibly occupied and possessed the Pinal Subsurface Property III by, among other things, maintaining markers along the surface above the Pinal Subsurface Property III, maintaining visible above-ground facilities near the Pinal Subsurface Property III, causing its employees to regularly walk along the right-of-way near the Pinal Subsurface Property III.

118.   Blosser has asserted a purported legal claim and title to the Pinal Subsurface Property III, which is adverse to Kinder Morgan's interest in the Pinal Subsurface Property III.

## THIRTEENTH CLAIM FOR RELIEF

### (Declaratory Relief Against Hernandez)

119.   Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

120.   An actual controversy has arisen and now exists between Kinder Morgan and Hernandez concerning the parties' respective rights and ownership interests in the Pinal Subsurface Property IV.

121.   Kinder Morgan contends that Hernandez has no right, title, or interest in the Pinal Subsurface Property IV.

122.   Kinder Morgan is informed and believes that Hernandez contends that she is the fee owner of the Pinal Subsurface Property IV.

123.   Alternatively, Kinder Morgan contends that it has acquired an easement by prescription in the Pinal Subsurface Property IV and is entitled to continue its use of the Pinal Subsurface Property IV.

124.   Kinder Morgan is informed and believes that Hernandez disputes these contentions, that Hernandez claims that she is the fee owner of the Pinal Subsurface Property IV, and that Hernandez claims that Kinder Morgan is using the Pinal Subsurface Property IV without her permission or compensation.

125.   Kinder Morgan further contends that Hernandez or her predecessors have known or should have known, for years, facts that would have caused a reasonable person to become aware of the existence of Kinder Morgan's pipeline in the Pinal Subsurface Property IV.

126.   Kinder Morgan is informed and believes that Hernandez disputes these contentions.

127.   It is within this Court's authority to resolve these controversies pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

128.   Kinder Morgan has no adequate remedy at law, and therefore seeks a judicial determination that:

a)    Hernandez has no right, title, or interest in the Pinal Subsurface Property IV; and

b)    Kinder Morgan has acquired an easement by prescription in the Pinal Subsurface Property IV such that it has the right to operate and maintain its pipeline in the Pinal Subsurface Property IV, without payment to or permission from Hernandez.

129.   The judicial declarations sought are necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations with respect to the Pinal Subsurface Property IV.

### FOURTEENTH CLAIM FOR RELIEF

### (Quiet Title – Easement By Prescription Against Hernandez)

130.   Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

131.   Kinder Morgan has acquired rights of use in the Pinal Subsurface Property IV by virtue of the doctrine of easement by prescription in that:

a)   Kinder Morgan, or its predecessors in interest, has possessed and occupied the Pinal Subsurface Property IV continuously and without interruption for more than ten years;

b)   Kinder Morgan's use of the Pinal Subsurface Property IV began and has continued under a claim that was inconsistent with and hostile to the claims of Hernandez; and

c)   Kinder Morgan has actually and visibly occupied and possessed the Pinal Subsurface Property IV by, among other things, maintaining markers along the surface above the Pinal Subsurface Property IV, maintaining visible above-ground facilities near the Pinal Subsurface Property IV, causing its employees to regularly walk along the right-of-way near the Pinal Subsurface Property IV.

132.   Hernandez has asserted a purported legal claim and title to the Pinal Subsurface Property IV, which is adverse to Kinder Morgan's interest in the Pinal Subsurface Property IV.

### FIFTEENTH CLAIM FOR RELIEF

### (Declaratory Relief Against Lopez)

133.   Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

134.   An actual controversy has arisen and now exists between Kinder Morgan and Lopez concerning the parties' respective rights and ownership interests in the Maricopa Subsurface Property II.

135.   Kinder Morgan contends that Lopez has no right, title, or interest in the Maricopa Subsurface Property II.

136.   Kinder Morgan is informed and believes that Lopez contends that she is the fee owner of the Maricopa Subsurface Property II.

137.   Alternatively, Kinder Morgan contends that it has acquired an easement by prescription in the Maricopa Subsurface Property II and is entitled to continue its use of the Maricopa Subsurface Property II.

138.   Kinder Morgan is informed and believes that Lopez disputes these contentions, that Lopez claims that she is the fee owner of the Maricopa Subsurface Property II, and that Lopez claims that Kinder Morgan is using the Maricopa Subsurface Property II without her permission or compensation.

139.   Kinder Morgan further contends that Lopez or her predecessors have known or should have known, for years, facts that would have caused a reasonable person to become aware of the existence of Kinder Morgan's pipeline in the Maricopa Subsurface Property II.

140.   Kinder Morgan is informed and believes that Lopez disputes these contentions.

141.   It is within this Court's authority to resolve these controversies pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

142.   Kinder Morgan has no adequate remedy at law, and therefore seeks a judicial determination that:

   a)   Lopez has no right, title, or interest in the Maricopa Subsurface Property II; and

   b)   Kinder Morgan has acquired an easement by prescription in the Maricopa Subsurface Property II such that it has the right to operate and maintain its pipeline in the Maricopa Subsurface Property II, without payment to or permission from Lopez.

143.   The judicial declarations sought are necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations with respect to the Maricopa Subsurface Property II.

### SIXTEENTH CLAIM FOR RELIEF

### (Quiet Title – Easement By Prescription Against Lopez)

144.   Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

145.   Kinder Morgan has acquired rights of use in the Maricopa Subsurface Property II by virtue of the doctrine of easement by prescription in that:

1    a)    Kinder Morgan, or its predecessors in interest, has possessed and
2  occupied the Maricopa Subsurface Property II continuously and without interruption for
3  more than ten years;

4    b)    Kinder Morgan's use of the Maricopa Subsurface Property II began and
5  has continued under a claim that was inconsistent with and hostile to the claims of Lopez;
6  and

7    c)    Kinder Morgan has actually and visibly occupied and possessed the
8  Maricopa Subsurface Property II by, among other things, maintaining markers along the
9  surface above the Maricopa Subsurface Property II, maintaining visible above-ground
10  facilities near the Maricopa Subsurface Property II, causing its employees to regularly walk
11  along the right-of-way near the Maricopa Subsurface Property II.

12    146.    Lopez has asserted a purported legal claim and title to the Maricopa Subsurface
13  Property II, which is adverse to Kinder Morgan's interest in the Maricopa Subsurface
14  Property II.

15  <center>SEVENTEENTH CLAIM FOR RELIEF</center>

16  <center>(Declaratory Relief Against The Vices)</center>

17    147.    Kinder Morgan realleges and incorporates by reference the foregoing
18  paragraphs as though set forth herein.

19    148.    An actual controversy has arisen and now exists between Kinder Morgan and
20  the Vices concerning the parties' respective rights and ownership interests in the Pinal
21  Subsurface Property V.

22    149.    Kinder Morgan contends that the Vices have no right, title, or interest in the
23  Pinal Subsurface Property V.

24    150.    Kinder Morgan is informed and believes that the Vices contend that they are
25  the fee owners of the Pinal Subsurface Property V.

26    151.    Alternatively, Kinder Morgan contends that it has acquired an easement by
27  prescription in the Pinal Subsurface Property V and is entitled to continue its use of the Pinal
28  Subsurface Property V.

152.   Kinder Morgan is informed and believes that the Vices dispute these contentions, that the Vices claim that they are the fee owners of the Pinal Subsurface Property V, and that the Vices claim that Kinder Morgan is using the Pinal Subsurface Property V without their permission or compensation.

153.   Kinder Morgan further contends that the Vices or their predecessors have known or should have known, for years, facts that would have caused a reasonable person to become aware of the existence of Kinder Morgan's pipeline in the Pinal Subsurface Property V.

154.   Kinder Morgan is informed and believes that the Vices dispute these contentions.

155.   It is within this Court's authority to resolve these controversies pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

156.   Kinder Morgan has no adequate remedy at law, and therefore seeks a judicial determination that:

a)   The Vices have no right, title, or interest in the Pinal Subsurface Property V; and

b)   Kinder Morgan has acquired an easement by prescription in the Pinal Subsurface Property V such that it has the right to operate and maintain its pipeline in the Pinal Subsurface Property V, without payment to or permission from the Vices.

157.   The judicial declarations sought are necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations with respect to the Pinal Subsurface Property V.

**EIGHTEENTH CLAIM FOR RELIEF**

**(Quiet Title – Easement By Prescription Against The Vices)**

158.   Kinder Morgan realleges and incorporates by reference the foregoing paragraphs as though set forth herein.

159.   Kinder Morgan has acquired rights of use in the Pinal Subsurface Property V by virtue of the doctrine of easement by prescription in that:

a)    Kinder Morgan, or its predecessors in interest, has possessed and occupied the Pinal Subsurface Property V continuously and without interruption for more than ten years;

b)    Kinder Morgan's use of the Pinal Subsurface Property V began and has continued under a claim that was inconsistent with and hostile to the claims of the Vices; and

c)    Kinder Morgan has actually and visibly occupied and possessed the Pinal Subsurface Property V by, among other things, maintaining markers along the surface above the Pinal Subsurface Property V, maintaining visible above-ground facilities near the Pinal Subsurface Property V, causing its employees to regularly walk along the right-of-way near the Pinal Subsurface Property V.

160.    The Vices have asserted a purported legal claim and title to the Pinal Subsurface Property V, which is adverse to Kinder Morgan's interest in the Pinal Subsurface Property V.

## PRAYER FOR RELIEF

WHEREFORE, Kinder Morgan respectfully requests that the Court enter judgment for Kinder Morgan, and against Earhart, on the First and Second Claims for Relief as follows:

1.    For a declaration that:

a)    Earhart has no right, title or interest in the Pima Subsurface Property I; and

b)    Kinder Morgan has permission to construct, maintain, and operate its pipeline and appurtenances in the Pima Subsurface Property I pursuant to Earhart Agreement I;

c)    Alternatively, Kinder Morgan has acquired an easement by prescription in the Pima Subsurface Property I such that it has the right to operate and maintain its pipeline in the Pima Subsurface Property I, without payment to or permission from Earhart; and

d)    Kinder Morgan has permission to construct, maintain, and operate its pipeline and appurtenances in the property described in the Earhart Agreement I as situated in "[t]hat part of the 200 foot Southern Pacific

1          Railroad right-of-way located in Section 22, Township 12 South, Range 12
2          East."

3     2.     For a judgment confirming that Kinder Morgan has a prescriptive easement to
4          the Pima Subsurface Property I;

5     3.     That Earhart be barred and forever estopped from having or claiming any right
6          or title to the Pima Subsurface Property I inconsistent with Kinder Morgan's
7          easement;

8     4.     For costs of suit incurred herein;

9     5.     For reasonable attorney's fees; and

10    6.     For any further or other relief as the Court deems just and proper.

11   **WHEREFORE**, Kinder Morgan respectfully requests that the Court enter judgment for
12 Kinder Morgan, and against the Escalantes, on the Third and Fourth Claims for Relief as
13 follows:

14    7.     For a declaration that:

15       a) The Escalantes have no right, title or interest in the Pinal Subsurface
16          Property I; and

17       b) Kinder Morgan has acquired an easement by prescription in the Pinal
18          Subsurface Property I such that it has the right to operate and maintain its
19          pipeline in the Pinal Subsurface Property I, without payment to or
20          permission from the Escalantes.

21    8.     For a judgment confirming that Kinder Morgan has a prescriptive easement to
22          the Pinal Subsurface Property I;

23    9.     That the Escalantes be barred and forever estopped from having or claiming
24          any right or title to the Pinal Subsurface Property I inconsistent with Kinder
25          Morgan's easement;

26   10.    For costs of suit incurred herein;

27   11.    For reasonable attorney's fees; and

28   12.    For any further or other relief as the Court deems just and proper.

**WHEREFORE**, Kinder Morgan respectfully requests that the Court enter judgment for Kinder Morgan, and against the Millers, on the Fifth and Sixth Claims for Relief as follows:

13.   For a declaration that:

    a)   The Millers have no right, title or interest in the Pima Subsurface Property II; and

    b)   Kinder Morgan has acquired an easement by prescription in the Pima Subsurface Property II such that it has the right to operate and maintain its pipeline in the Pima Subsurface Property II, without payment to or permission from the Millers.

14.   For a judgment confirming that Kinder Morgan has a prescriptive easement to the Pima Subsurface Property II;

15.   That the Millers be barred and forever estopped from having or claiming any right or title to the Pima Subsurface Property II inconsistent with Kinder Morgan's easement;

16.   For costs of suit incurred herein;

17.   For reasonable attorney's fees; and

18.   For any further or other relief as the Court deems just and proper.

**WHEREFORE**, Kinder Morgan respectfully requests that the Court enter judgment for Kinder Morgan, and against Martinez, on the Seventh and Eighth Claims for Relief as follows:

19.   For a declaration that:

    a)   Martinez has no right, title or interest in the Pinal Subsurface Property II; and

    b)   Kinder Morgan has acquired an easement by prescription in the Pinal Subsurface Property II such that it has the right to operate and maintain its pipeline in the Pinal Subsurface Property II, without payment to or permission from Martinez.

20.      For a judgment confirming that Kinder Morgan has a prescriptive easement to the Pinal Subsurface Property II;

21.      That Martinez be barred and forever estopped from having or claiming any right or title to the Pinal Subsurface Property II inconsistent with Kinder Morgan's easement;

22.      For costs of suit incurred herein;

23.      For reasonable attorney's fees; and

24.      For any further or other relief as the Court deems just and proper.

**WHEREFORE**, Kinder Morgan respectfully requests that the Court enter judgment for Kinder Morgan, and against Hurst, on the Ninth and Tenth Claims for Relief as follows:

25.      For a declaration that:

     a)   Hurst has no right, title or interest in the Maricopa Subsurface Property I;

     b)   Kinder Morgan has permission to construct, maintain, and operate its pipeline and appurtenances in the Maricopa Subsurface Property I pursuant to the Hurst Agreement I;

     c)   Alternatively, Kinder Morgan has acquired an easement by prescription in the Maricopa Subsurface Property I such that it has the right to operate and maintain its pipeline in the Maricopa Subsurface Property I, without payment to or permission from Hurst; and

     d)   Kinder Morgan has permission to construct, maintain, and operate its pipeline and appurtenances in the property described in the Hurst Agreement I as situated in "[t]hat portion of the Northeast quarter of the Northeast quarter [of Section 35, Township 1 North, Range 3 West] which lies within the Right of Way of the [] Railroad."

26.      For a judgment confirming that Kinder Morgan has a prescriptive easement to the Maricopa Subsurface Property I;

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1    27.    That Hurst be barred and forever estopped from having or claiming any right

2           or title to the Maricopa Subsurface Property I inconsistent with Kinder

3           Morgan's easement;

4    28.    For costs of suit incurred herein;

5    29.    For reasonable attorney's fees; and

6    30.    For any further or other relief as the Court deems just and proper.

7           **WHEREFORE**, Kinder Morgan respectfully requests that the Court enter judgment for

8    Kinder Morgan, and against Blosser, on the Eleventh and Twelfth Claims for Relief as

9    follows:

10   31.    For a declaration that:

11          a) Blosser has no right, title or interest in the Pinal Subsurface Property III;

12          b) Kinder Morgan has permission to construct, maintain, and operate its

13             pipeline and appurtenances in the Pinal Subsurface Property III pursuant to

14             the Blosser Agreement I;

15          c) Alternatively, Kinder Morgan has acquired an easement by prescription in

16             the Pinal Subsurface Property III such that it has the right to operate and

17             maintain its pipeline in the Pinal Subsurface Property III, without payment

18             to or permission from Blosser; and

19          d) Kinder Morgan has permission to construct, maintain, and operate its

20             pipeline and appurtenances in the property described in the Blosser

21             Agreement I as situated in "the Southeast ¼ of the Southeast ¼ of Section

22             4, Township 9 South, Range 9 East."

23   32.    For a judgment confirming that Kinder Morgan has a prescriptive easement to

24          the Pinal Subsurface Property III;

25   33.    That Blosser be barred and forever estopped from having or claiming any right

26          or title to the Pinal Subsurface Property III inconsistent with Kinder Morgan's

27          easement;

28   34.    For costs of suit incurred herein;

35.    For reasonable attorney's fees; and

36.    For any further or other relief as the Court deems just and proper.

**WHEREFORE**, Kinder Morgan respectfully requests that the Court enter judgment for Kinder Morgan, and against Hernandez, on the Thirteenth and Fourteenth Claims for Relief as follows:

37.    For a declaration that:

    a)  Hernandez has no right, title or interest in the Pinal Subsurface Property IV; and

    b)  Kinder Morgan has acquired an easement by prescription in the Pinal Subsurface Property IV such that it has the right to operate and maintain its pipeline in the Pinal Subsurface Property IV, without payment to or permission from Hernandez.

38.    For a judgment confirming that Kinder Morgan has a prescriptive easement to the Pinal Subsurface Property IV;

39.    That Hernandez be barred and forever estopped from having or claiming any right or title to the Pinal Subsurface Property IV inconsistent with Kinder Morgan's easement;

40.    For costs of suit incurred herein;

41.    For reasonable attorney's fees; and

42.    For any further or other relief as the Court deems just and proper.

**WHEREFORE**, Kinder Morgan respectfully requests that the Court enter judgment for Kinder Morgan, and against Lopez, on the Fifteenth and Sixteenth Claims for Relief as follows:

43.    For a declaration that:

    a)  Lopez has no right, title or interest in the Maricopa Subsurface Property II; and

    b)  Kinder Morgan has acquired an easement by prescription in the Maricopa Subsurface Property II such that it has the right to operate and maintain its

1   pipeline in the Maricopa Subsurface Property II, without payment to or

2   permission from Lopez.

3   44.   For a judgment confirming that Kinder Morgan has a prescriptive easement to

4   the Maricopa Subsurface Property II;

5   45.   That Lopez be barred and forever estopped from having or claiming any right

6   or title to the Maricopa Subsurface Property II inconsistent with Kinder

7   Morgan's easement;

8   46.   For costs of suit incurred herein;

9   47.   For reasonable attorney's fees; and

10   48.   For any further or other relief as the Court deems just and proper.

11   **WHEREFORE**, Kinder Morgan respectfully requests that the Court enter judgment for

12   Kinder Morgan, and against the Vices, on the Seventeenth and Eighteenth Claims for Relief

13   as follows:

14   49.   For a declaration that:

15   a) The Vices have no right, title or interest in the Pinal Subsurface Property V;

16   and

17   b) Kinder Morgan has acquired an easement by prescription in the Pinal

18   Subsurface Property V such that it has the right to operate and maintain its

19   pipeline in the Pinal Subsurface Property V, without payment to or

20   permission from the Vices.

21   50.   For a judgment confirming that Kinder Morgan has a prescriptive easement to

22   the Pinal Subsurface Property V;

23   51.   That the Vices be barred and forever estopped from having or claiming any

24   right or title to the Pinal Subsurface Property V inconsistent with Kinder

25   Morgan's easement;

26   52.   For costs of suit incurred herein;

27   53.   For reasonable attorney's fees; and

28   54.   For any further or other relief as the Court deems just and proper.

1

**DEMAND FOR JURY TRIAL**

2

Kinder Morgan hereby demands a jury trial in this matter.

3

4

Dated:   January 10, 2018              COOLEY LLP

5

                                       */s/ M. Ray Hartman III*
6                                      _____
                                       Steven M. Strauss (*Admitted Pro Hac Vice*)
7                                      M. Ray Hartman III (*Admitted Pro Hac Vice*)
                                       Summer J. Wynn (*Admitted Pro Hac Vice*)
8                                      Catherine J. O'Connor (*Admitted Pro Hac Vice*)

                                       Attorneys for Defendants/Counterclaimants
9                                      SFPP, L.P., Kinder Morgan Operating L.P. "D,"
                                       and Kinder Morgan G.P., Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28